## No. 1966.—STATE OF LOUISIANA *v.* FRANK BROWN.

The bill of indictment under the seventh section of the act of the Legislature, approved March 14, 1855, must charge the accused with two specific acts, the concurrence of which, in point of time, creates a capital offense.

Where the indictment under this statute fails to set out the two distinct offenses which constitute the crime against which it is aimed, but sufficiently describes the offense of burglary, and a verdict of guilty of a capital offense has been returned by the jury and sentence is pronounced thereon by the court, the case will be remanded for sentence in accordance with the formalities prescribed against the crime of burglary.

APPEAL from the First District Court, parish of Orleans. *Abell*, J. *S. Belden*, Attorney General, for the State. *J. J. E. Planchard*, for defendant and appellant.

HOWE, J. The defendant was tried upon an indictment preferred under the seventh section of the act of March 14, 1855, in which the offense charged is set out in the following language :

" That one Frank Brown, late of the parish of Orleans, on the twentieth day of June, in the year of our Lord one thousand eight hundred and sixty-eight, with force and arms, in the parish of Orleans, aforesaid, and within the jurisdiction of the First District Court for the parish of Orleans, did, with a dangerous weapon, to wit, a knife, and with the intent to commit the crime of murder, and while in the perpetration of the crime of robbery, stab and thrust one Ellen Elliott, contrary to the form of the statute," etc., etc.

He was convicted and sentenced to death, and from the judgment this appeal has been taken.

The section of the statute under which these proceedings were had is as follows :

"If any person lying in wait, *or* in the perpetration, or attempt to perpetrate, any arson, rape, robbery or barglary, shall shoot, stab or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall on conviction thereof, be punished with death."

Applying this section to the indictment in this case it will be seen that the indictment ought to charge the defendant with two specific acts, the concurrence of which in point of time creates the offense at which the statute is aimed. Neither of the offenses is in itself capital, but when the stabbing with a dangerous weapon and with intent to murder is done in the perpetration of a robbery there results a compound crime punishable with death.

In such a case we are of opinion that the indictment to support a sentence of death should state all the material facts and circumstances of each of the two offenses, which in their combination compose the grave charge against which the prisoner is called upon to defend himself. In the indictment now before us the first of these offenses is fully described, but the second, the crime of robbery, is not described at all. Whom did the prisoner rob? Of what was this unknown person robbed? On these points, at least, the indictment is silent.

It is true that the indictment follows the language of the statute, but this is not in all cases sufficient. For example, the twenty-eighth section of the same act provides that "whoever shall commit the crime of robbery shall, on conviction, suffer imprisonment at hard labor not more than fourteen years;" yet an indictment charging an accused with committing on a certain day the crime of robbery, without other description, would clearly be bad. And we are of opinion that where the "perpetration of the crime of robbery" is a substantive element in the offense charged, as it is in this case, and, in combination with another act, creates a capital crime, it ought to be set forth with as much distinctness of statement as if the crime of robbery alone had been charged. Archbold, vol. 1, p. 286, and cases cited.

As already stated, the crime of stabbing with a dangerous weapon, and with intent to murder, is sufficiently described in the indictment, and we are of opinion that the effect of the verdict of guilty must be limited to that offense. In this view the prisoner should have been sentenced under the eighth section of the statute to imprisonment at hard labor in the State penitentiary "for not less than one nor more than twenty-one years." And we think the interests of justice require that the cause should be remanded for this purpose.

It is therefore ordered and adjudged that the judgment appealed from be avoided and reversed, that the cause be remanded to the court *a qua* for sentence in accordance with the views hereinbefore expressed, and to be further proceeded with according to law.