No. 3650.—STATE v. TONEY FORNEY.

24   191
e114   92

The phrase "with malice aforethought" is not sacramental in an indictment for a statutory offense, where the accused is charged with feloniously and maliciously, while lying in wait, with shooting his victim, with the intent to commit murder.

In such a case, Held—That the accused not being charged with having committed at one time, two offenses, whose combination creates a capital offense, it is not necessary to define the offense of murder, but that the idea of malice aforethought is necessarily implied in the use of the word "murder."

The fact that one of the jurors is allowed to leave the court room for a necessary purpose, who returns before the panel is complete, or any evidence has been given, is not such a separation of the jury as will vitiate the verdict.

APPEAL from the Eighteenth Judicial District Court, parish of Bossier. *Watkins*, J. *T. E. Paxton*, District Attorney, for the State. *J. E. Griffin*, for defendant and appellant.

HOWE, J. The defendant was indicted for shooting with intent to kill and murder, while lying in wait, under section 790 of the Revised Statutes of 1870, and having been found guilty without capital punishment and sentenced accordingly, has appealed.

He makes two points here, firstly, that the indictment is totally defective, and secondly, that there was on the trial a separation of the jury which in a capital case vitiates their verdict.

*First*—We do not perceive that the indictment is deficient, either in the specification of the time the crime was committed, or of the elements of the crime itself.

It is alledged that the offense was committed on the thirtieth day of June, 1871, and the unnecessary use in the latter portion of the same sentence of the phrase "on or *about* the said thirtieth day of June, 1871," can not be considered as anything but harmless tautology.

The specification of the offense is that the accused " willfully, feloniously and maliciously while lying in wait      *      *      did shoot, to wit, with a shot gun, with the intent to kill and murder, one M. D. Dennison, in the peace of the State then and there being, contrary to the form of the statute," etc., etc.

The offense is statutory and appears to be fully described. It is averred that the defendant lay in wait; that he shot the object of his crime, that he did this willfully, feloniously and maliciously, and that he did it with intent to murder his victim.

The appellant contends that the use of the phrase "with malice aforethought" is sacramental, and that its omission is a fatal defect. We can not assent to this view. The defendant is not accused of having committed at one time two offenses, whose combination creates a compound and capital one (as in the case of Brown, 21 An. 347.) It is not therefore necessary to define the offense of murder as if he were indicted for that also. He did not commit that offense, when the description of what he did is given as above, and it is charged that his intent was to murder the person of whom he lay in ambush, and whom he wounded, the idea of malice aforethought is necessarily implied in the use of the word "murder," and the defendant amply advised of the charge against him.

*Second*—Nor do we think there was such a separation of the jury in this case as would vitiate a verdict.

Before the jury had been completed and empanneled, and of course before the indictment had been read to them or any evidence adduced, one of the nine who had been sworn, left the court room for a necessary purpose and went into an adjacent alley. He was not out of the view of the sheriff more than ten seconds. He spoke to no one. The sheriff observed that there was no one else in the alley. He returned to his seat before the trial began. In such a case we think it would be pushing technicality too far to say that the verdict should be set aside, for there is no room for any reasonable hypothesis of misconduct. In each of the cases of Hornsby, 8 Rob. 554; Crosby, 4 An. 435; Evans, 21 An. 321, and Frank, 23 An. 213, cited by defendant, there was a real separation of the jury after the trial had begun and evidence had been taken, and there was a strong and perhaps conclusive presumption of misconduct. But in the present case we see no such reason for a new trial.

Judgment affirmed.