State vs. Green.

## No. 8988.

THE STATE OF LOUISIANA VS. MARSHALL GREEN *alias* BUDDY GREEN.

In an indictment for shooting with intent to commit murder, the intent must be described in terms which would be sufficient, in case the act had resulted in death, to sustain an indictment for murder.

The qualification of the intent as "felonious" merely, without the addition of "wilfully and of malice aforethought," describes only an intent to commit manslaughter and not murder. R. S. sec. 1048.

The defect is substantial and is a proper subject for motion in arrest of judgment.

| 36 | 99 |
| 48 | 1363 |
| 48 | 1541 |
| 36 | 99 |
| 51 | 1650 |
| 36 | 99 |
| 125 | 310 |

APPEAL from the Twenty-sixth District Court, Parish of St. Charles, *Hahn*, J.

*J. C. Egan*, Attorney General, and *Jas. D. Augustin*, for the State, Appellee.

*L. DePoorter* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The information under which the defendant was found guilty, charged the crime in the following language, viz: that defendant "did, with a dangerous weapon, unlawfully shoot one Sylvester Barthelemy, in the peace of the State then and there being, with the felonious intent, then and there, him, the said Sylvester Barthelemy, to murder, contrary," etc.

Motion in arrest of judgment was made on the grounds that neither the shooting nor the intent to murder were charged to have been " wilfully, feloniously and of malice aforethought," and that the information was, therefore, insufficient.

We have heretofore held, in discussing an indictment under the same section (901 Revised Statutes), that "the crucial test of the sufficiency of such an indictment is whether, in case of the death of the party shot and wounded, the description of the crime, as contained in this instrument, would be sufficient to warrant or justify a verdict for murder." State vs. Bradford, 33 A. 921.

The application of this test is fatal to the information in this case. Section 1048 Revised Statutes, provides that "it shall be sufficient in an indictment for murder to charge that the defendant did *feloniously, wilfully and of his malice aforethought*, kill and murder the deceased," and in indictment for manslaughter, that he "did *feloniously* kill and slay the deceased." Obviously, the intent charged in the information before us covers only the crime of manslaughter and does not describe the intent essential to constitute murder. This Court cannot accept as sufficient, less than what the law prescribes should be sufficient.

The words "of his malice aforethought," are quite as essential as the word "feloniously." Wharton on Crim. Law, sec. 399.

The omission of the latter word has been held repeatedly by this Court as fatal in indictments for offenses which were felonies at common law. State vs. Flint, 33 A. 1292; State vs. Thomas, 29 A. 601; State vs. Curtis, 30 A. 814; State vs. Cook, 20 A. 145; State vs. Durbin, 20 A. 408; 8 Rob. 590; 10 A. 195, 698; 5 A. 324; 1 Martin O. S. 117, 173.

The motion in arrest should have prevailed.

The failure of the defendant to demur to, or move to quash, the information, *in limine*, does not affect the case, the defect urged not being formal but substantial, and as appears from above authorities, proper ground for motion in arrest.

It is therefore ordered, adjudged and decreed that the judgment and sentence appealed from be annulled, the information quashed as not good in law, and that the defendant remain in custody, subject to the orders of the district court for the parish of St. Charles.