State vs. Frances.

## No. 9055.

### THE STATE OF LOUISIANA VS. GILES FRANCES.

Under an indictment for shooting with intent to commit murder, it is unnecessary to charge specifically that the accused did "wilfully, feloniously and of his malice aforethought," shoot, etc. It is not defective where the words "*feloniously and with intent to commit murder*," are used. Those words are amply sufficient under the Statute.

Under such a charge, the jury can find a verdict under either Section 791 or 792 of the Revised Statutes. The two crimes provided against are of the same generic class, the greater including the less.

In such a case, a verdict of "Guilty of shooting *at* with intent to commit murder," is responsive to the indictment.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge. *Sherburn,* J.

*J. C. Egan,* Attorney General, for the State, Appellee.

*J. H. Lanson* and *L. D. Beale* for Defendant and Appellant.

The opinion of the Court was delivered by

BERMUDEZ, C. J. The defendant was prosecuted for shooting with intent to commit murder. He was convicted of shooting *at* with intent to commit murder and sentenced to six months at hard labor. On appeal he complains that:

1. The indictment is fatally defective and cannot sustain a conviction, as it does not contain the indictable words of the Statute.

2. That the jury were misled by the charge of the trial judge, who instructed them that they could return a verdict either under section 791 or section 792 of the Revised Statutes.

3. That the verdict is not responsive to the indictment.

I.

The indictment charges that: Giles Frances, * * * then and there being, feloniously did shoot, with a dangerous weapon, with intent to commit murder, Abraham Ray, etc.

The Statute provides:

"Section 791. Whoever shall shoot * * * any person with a dangerous weapon, with intent to commit murder, * * * shall on conviction suffer," etc.

"Sec. 792. Whoever shall assault another by wilfully shooting at him, or with intent to commit murder, * * * shall on conviction * * * be imprisoned, * * *" etc.

The complaint is, that the indictment does not charge that the accused did, "wilfully, feloniously and of his malice aforethought,

shoot," etc.; that those words are essential averments, as the attempt to commit murder is the offense charged.

The indictment charges that the accused *feloniously* did shoot, with a dangerous weapon, with intent to commit murder. It is drawn in accordance with the statute, which does not expressly require that the shooting must have been done wilfully, feloniously and with his malice aforethought. The words used in the indictment, "feloniously," and "with intent to commit murder," are amply sufficient. 29 A. 601; 27 A. 572; 33 A. 911, 1294; 24 A. 191, 494; 34 A. 529, 147.

## II.

The judge did not err in charging the jury as he did.

The crimes provided against by the two sections, 791 and 792 R. S., are of the same generic class, the greater including the less. The indictment contains all the averments necessary to admit proof under either section, and the jury could therefore return a verdict under the one or the other.

## III.

The verdict reads: "We return a verdict of guilty of shooting *at*, with intent to commit murder, and recommend the accused to the mercy of the court."

*Shooting* implies *shooting at*, where the charge is that it was feloniously done, with intent to commit murder.

Judgment affirmed.