State vs. Scott.

## No. 9599.

### THE STATE OF LOUISIANA VS. ED. SCOTT.

| | |
|---|---|
| 38 | 387 |
| 48 | 1363, |
| 48 | 1541! |
| 38 | 387 |
| 51 | 1649 |
| 38 | 387 |
| 116 | 90 |

A motion in arrest of judgment is well founded when it is levelled at an indictment which charges that the accused "feloniously did shoot with a dangerous weapon with intent to commit murder." Such indictment should have charged besides that the act had been done "wilfully and with malice aforethought.

APPEAL from the Seventeenth District Court, Parish of East Baton Rouge.   *Burgess,* J.

*M. J. Cunningham,* Attorney General, and *L. D. Beale,* District Attorney, for the State, Appellee:

The granting of a new trial, where the sole ground of the motion is that the verdict is contrary to the law and the evidence, is within the discretion of the lower court; and its action is not subject to review by this Court. Testimony that a prosecuting witness had told a different story out of court, from that sworn to by him on trial, could legally be offered for no other purpose except to impeach said witness, and in order to give such testimony to the jury, the legal foundation must be laid to impeach.

#### ON MOTION IN ARREST.

"Under an indictment for shooting with intent to commit murder, it is unnecessary to charge specifically that the accused did wilfully, feloniously and of his malice aforethought" shoot, etc. It is not defective where the words "feloniously and with intent to commit murder" are used.

Those words are amply sufficient under the Statute. 36 Ann. 336. "In an indictment for an assault with intent to commit an offense, the same particularity is not necessary as is required in indictments for the commission of the offense itself." Wharton's Criminal Law, § 644; 37 Ann. 467-8.

*T. Jones' Cross* for Defendant and Appellant:

The qualification of the intent as *felonious* merely, without the addition of *wilfully* and *of malice aforethought,* "covers only the crime of manslaughter, and does not describe the intent essential to constitute murder." 36 Ann. 100.

The opinion of the Court was delivered by

BERMUDEZ, C. J.   The defendant was indicted for shooting with intent to commit murder, found guilty and sentenced to two years at hard labor.   He appeals.

The record contains a bill of exception to the refusal of the judge to grant a new trial and a motion in arrest of judgment.

In the motion for a new trial complaint is made that important testimony was not given to the jury by reason of an error of the attorney for the defense, who had misunderstood the ruling of the judge touching its admission.

We deem it unnecessary to pass upon this ground of complaint, as we rest our conclusion on the other.

The motion in arrest charges that the indictment is defective and illegal.

1. Because it does not contain the word "wilful."

2. Because neither the shooting nor the intent is charged with having been done with malice aforethought.

The accused is prosecuted under Sect. 791, R. S., and charged with intent to commit murder. The indictment expressly charges that the defendant "feloniously did shoot with a dangerous weapon with intent to commit murder"

The State claims that the case falls within the ruling in 36 Ann. 336, while counsel for the accused distinguishes between the cases to show that they do not clash.

Considering the rulings in 33 Ann. 922; 36 Ann. 100, and in 37 Ann. 776, and Sect. 1048 of the Revised Statutes, we regard that invoked by the State as merely constituting *res judicata*, and do not propose to repeat it.

We therefore conclude that the indictment is defective in not charging that the shooting was done also *wilfully* and *with malice aforethought.*

It is therefore ordered and decreed that the verdict and sentence be avoided, annulled and reversed, and that the indictment be quashed, the accused to remain in custody to await the further action of the District Court of the Parish of East Baton Rouge.