The opinion of the court was delivered by
Parlange, J.
The defendant is prosecuted under Sec. 790 Revised Statutes for the capital crime of striking a person with a dangerous weapon, to-wit: a club, while lying in wait, with intent to kill and murder.
The district judge charged the jury that they might find the following verdicts: 1. Guilty. 2. Guilty without capital punishment. 3. Guilty under Sec. 791 R. S., as amended by Act 43 of 1890,. 4. Not guilty.
The defendant asked the further charge, which was refused, that verdicts might be found under anyone of the following statutes: 1. Act 44 of 1890. 2. Sec. 793 R. S. 3. Sec. 796 R. S.
The jury found a verdict under Act 43 of 1890; the defendant was sentenced and he has appealed.
The question to be decided is whether the defendant was entitled to the additional charge which he asked, the most serious part of his complaint being whether in a prosecution under Sec. 790, verdicts under three statutes are responsive, to-wit: Sec- 790 as amended by Act 24 of 1882; Sec. 791 as amended by Act 43 of 1890; and Act 44 of 1890.
It is impossible to consider those three statutes conjointly without reaching the conclusion that they deal with one and the same subject matter, to-wit: the offences of shooting, stabbing, cutting, striking and thrusting with a dangerous weapon, with criminal intent to take life, under circumstances of varying aggravation.
*1432 The denunciatory parts of the three statutes read as follows:
Sec. 790 as amended by Act 24 of 1882: “If any person, lying in wait, or in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary, shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with the intent to commit the crime of murder, he shall,” etc.
Sec. 791 as amended by Act. 43 of 1890: “Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall,” etc.
Act 44 of 1890: “Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon, with intent to kill, shall,” etc.
Section 790 deals with that part of the subject matter which de-' nounces and punishes the most aggravated of those offences; Sec. 791 as amended deals with the offences when accompanied by less aggravation, and finally, Act 44 of 1890 deals with the offences in their least aggravated form.
For instance, shooting with intent to murder, while lying in wait, is a capital crime under Sec. 790. Without the aggravation of lying in wait, the offence falls under Sec. 791, the extreme penalty of which is twenty-one years’ imprisonment at hard labor; and when from this second offence the element of ,a murderous intent is eliminated and the intent to kill is substituted, a third offence remains, the least aggravated of the three, which is defined by Act 44 of 1890 and the maximum penalty of which is three years’ imprisonment with or without hard labor.
Acts 43 and 44 of 1890 were passed almost concurrently by the General Assembly. Act 43 of 1890 amended Sec. 791 so as to make the language of this section coincide exactly with that of Act 44 of 1890 as regards the substantive criminal acts of shooting, stabbing, cutting, etc., denounced by the latter. The same verbal change which Act 43 of 1890 effected in Sec. 791 hadbeen previously effected in Sec. 790 by Act 24 of 1882.
The verbal similarity of the three statutes as they now stand, intentionally brought about by amendatory acts, and the adjustment of the penalties in proportion to guilt, clearly show that the law-: maker intended to make them and did make them harmonious parts of one subject of criminal punishment.
In Wilson’s case, 39 An. 204, this-court, speaking of Secs. 790 and *1433 791, said: “ For the purposes of prosecution the indictment needed not to be framed under the first section to secure conviction under the second section; for the same reason that, on an indictment for murder, a verdict of manslaughter can be legally found and returned. The two sections may be treated as one and the same law, justifying a verdict under either the first or the second section, the moment that the jury find a state of facts under either.” To the same effect was the decision in Evans’ case, 40. An. 216.
Manifestly, Act 44 of 1890 was passed for the purpose of dealing further -with the subject matter of Secs. 790 and 791. It is clear that the offences denounced by Act 44 of 1890 are contained in those denounced by Sec. 791; that the offences denounced by the latter are contained in those denounced by Sec. 790, and that an indictment under Sec. 790 contains charges under the two other statutes.
The cases cited by the District Attorney in his brief (Hendricks’ case, 38 An. 682, and Allen’s case, 40 An. 201) were decided before the passage of Act 44 of 1890.
The defendant was therefore clearly entitled to the charge that in a prosecution under Sec. 790 the jury may find a verdict under Act 44 of 1890, and the refusal to so charge was prejudicial error.
So far as Sec. 793 is concerned, this court held in State vs. Allen, 40 An. 200, that a verdict under that section was not responsive to a charge made under Sec. 791, and the intimate connection between Secs. 790 and 791 and Act 44 of 1890 has been shown. See, also, State vs. Benjamin, recently decided at Shreveport. The jury therefore could not lawfully have returned a verdict under Sec. 793.
As to Sec. 796, the indictment includes and sufficiently charges an assault and battery and the defendant was entitled to have the jury charged that they could return a verdict under that section.
Defendant further complains that the court did not grant one of the counsel appointed to him sufficient time to prepare for the trial; but it is unnecessary for us to pass upon this ground of complaint, as prejudicial error has already been found.
It is therefore ordered that the verdict and sentence in this case be set aside; that the judgment appealed from be avoided and reversed; that this case be remanded to the lower court to be proceeded with according to law, and that the defendant remain in custody subject to the further orders of the Nineteenth Judicial District Court for the parish of Iberia.