The opinion of the court was delivered by
Watkins, J.
The information charges that the defendant did “ feloniously, wilfully and maliciously cut Caroline Thompson with a dangerous weapon, viz., a hatchet, with intent to commit murder; ” and he having been convicted of said charge and sentenced to one year’s imprisonment in the penitentiary, prosecutes this appeal.
*1362 Counsel made a motion for a new trial on the sole ground that the verdict of the jury was contrary to the law and evidence, and it having been overruled, he filed a motion in arrest of judgment on the ground that the information does not charge that the act complained of was committed “feloniously and of his malice aforethought.”
There is no bill of exceptions in the transcript, and consequently no explanation furnished by the record of the ruling of the judge or the grounds of defendant’s complaint thereof.
As the motion of the defendant raises a question of law which is determinable upon the face of the information, we deem it our duty to examine and pass upon it, following the precedent established in State vs. Balize, 38 An. 542, and State vs. Hanks, 38 An. 468, and the authorities therein collated.
Our statute declares that “it shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought, kill and murder the deceased,” etc (Revised Statutes, Sec. 1048), and this language has been interpreted to be sacramental in such indictment; but this defendant is being prosecuted on an information founded upon another statute, which declares that “ whoever shall shoot, stab, or thrust any person' with a dangerous weapon * * * shall suffer imprisonment at hard labor,” etc. (R. S., Sec. 791) — a very different crime. The crime charged in this case is statutory.
State vs. Frances, 36 An. 336, is exactly such a case as this, founded upon the same section of the statutes, and against which the same motion in arrest was urged; and of that objection this court said:
“The indictment charges that the accused feloniously did shoot with a dangerous weapon, with intent to commit murder. It is drawn in accordance with the statute, which does not expressly require that the shooting must have been done wilfully, feloniously and with his malice aforethought. The words used in the indictment, ‘feloniously,’ and ‘ with intent to commit murder,’ are amply sufficient” — citing numerous authorities.
The language of this information is stronger than that of the Frances case, as it charges that defendant did shoot with a dangerous weapon, and that the act was done “ feloniously, wilfully and maliciously,” “with intent to commit murder.” It fulfils the requirements of State vs. Bradford, 33 An. 921.
*1363 It will be observed that in the indictment under consideration in State vs. Green, 36 An. 99, there was no averment of “ malice aforethought,” or words of equivalent import; and the same is true of that under consideration in State vs. Scott, 38 An. 387. We think the trial judge ruled correctly.
Judgment affirmed.