## No. 13,216.

### THE STATE OF LOUISIANA VS. AUGUST JOHNSON.

### SYLLABUS.

1. ASSIGNMENT OF ERRORS.—The defendant filed an assignment of errors as required by Article 897, C. P.
   There was therein a question presented for the decision of the Supreme Court and which the court, under repeated decisions, was not at liberty to decline taking into consideration and deciding.
2. WANT OF AVERMENT.—In an information for shooting with intent to kill and murder, the offense must be set forth in words ample, in case death had resulted, to cover essential averments of an indictment for murder. 38th Ann., 387.

ON APPEAL from the Twenty-First Judicial District Court for the Parish of St. Charles. *Rost, J.*

*M. J. Cunningham,* Attorney General, and *Robert J. Perkins,* District Attorney, for the Plaintiff and Appellee.

*H. N. Gautier* for the Defendant and Appellant.

Submitted on briefs June 12, 1899.

Opinion handed down June 19, 1899.

The opinion of the court was delivered by

BREAUX, J. The defendant was charged with having shot one Bill Jones with the felonious intent to kill and murder.

He was found guilty.

· From the verdict of the jury and the sentence of the court condemning him to suffer imprisonment at hard labor in the penitentiary for two years, he prosecutes this appeal.

Defendant was prosecuted under Section 791 of the Revised Statutes, which reads: "Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section, shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one year or more than twenty-one years," as amended by Statute 43 of 1890.

The information presented, and under which the accused was, by the jury, found guilty, sets forth the offense charged as follows:

"That one August Johnson did shoot one Bill Jones with the felonious intent to kill and murder him (the said Jones)."

The transcript contains no demurrer, motion to quash, motion in arrest or any bill of exception.

It appears that the accused did not have the assistance of counsel in his trial in the District Court.

An assignment of errors was filed on appeal, setting forth that the information is fatally defective, in that it fails to allege that the accused did feloniously and with malice aforethought, shoot and wound with intent, wilfully and with malice aforethought, to murder.

Counsel for accused sets forth in the assignment of errors, as we have just noted, and argues in the brief that the words "malice aforethought" are essential, and that the objection is properly before the court on the assignment of errors.

The State, on the other hand, insists that the defense was presented too late to be considered, and that the proceedings cannot be reversed now.

1st. It is well settled, under the terms of the law and the authority of repeated decisions, that an appellant may allege an error of law by way of assignment of errors timely filed.

The defense having filed a separate assignment of errors in time, we feel bound to consider the grounds it presents.

In State vs. Forrest, 23rd Ann., 433, an appeal was taken, although no motion to quash the information had been made, and no bill of exception taken. See also State vs. Henderson, 13 Ann., 490; State vs. O'Connor, 13 Ann., 486.

In State vs. Hanks, 38th Ann., the court decided that either party

may refer on appeal to any error apparent on the face of the papers. A number of decisions is cited in support of that view.

A similar conclusion was announced in the case of State vs. Bazile, 38th Ann., 545.

The article of the Code of Practice is in itself plain enough; in addition the effect given to the article by the decision cited *supra,* leaves no ground for discussion, and, in consequence, nothing remains to be done, save to pass. on the merits of the question presented.

2nd.. We have seen that the information does not contain the averment that the deed was committed with malice aforethought. It is well settled where a statute has adopted the Common Law offense and incorporated it into our laws, it is necessary in the indictment or information to make use of the words which technically charge the offense at common law. State vs. McClanahan, 9th Ann., 210.

For this reason doubtless and for the reason that Section 1048 of the Revised Statutes (regarding the form of indictment for murder, the crime the State charges the defendant attempted to commit), requires that in every indictment for murder the State shall set forth that the defendant did feloniously, wilfully and of his malice aforethought, etc.; the court heretofore decided in several cases that the words before mentioned are essential to a valid indictment or information.

If the question were *res nova* it may be that we would arrive at a different conclusion, for we are not inclined to restrict the scope of the decisions holding that where a crime is statutory, it is not necessary to make use of the words which technically charge the offense at common law. In other words, that it is enough to charge the offense in the statutory words, or words of similar import. State vs. Flint,. 33rd Ann., 1288.

We reiterate that opinion is announced in a number of decisions.

But as relates to the case in hand, the decisions to which we before alluded, clearly announce that it is necessary to make use of the words already mentioned.

In State vs. Scott, 36th Ann., 387, the defendant was indicted under the same law under which the accused here is prosecuted. Revised Statutes, Section 791. The indictment expressly charged that the defendant "feloniously did shoot with a dangerous weapon, with intent to commit murder." The court none the less concluded that the in-

dictment was defective in not charging that the shooting was done wilfully and with malice aforethought.

The case of State vs. Bradford, 33rd Ann., 921, throws light upon the subject, although in that case the sentence was affirmed, as the information contained the essential averments.

The question arose in State vs. Green, 36 Ann., 99, in which the court held, as indicated by the *syllabus*:

"In an indictment for shooting with intent to commit murder, the intent must be described in terms which would be sufficient, in case the act had resulted in death, to sustain an indictment for murder.

"The qualification of the intent as 'felonious' merely, without the addition of 'wilfully and of malice aforethought,' describes only an intent to commit manslaughter and not murder."

The words needful in denouncing murder are, the court holds in the cited cases *supra,* also needful in denouncing the attempt to commit murder, in order to distinguish the latter offense from one charging the accused with the intent to kill.

With reference to the crime of murder, we find in 2 Hale Pleas of the Crown, 187: "Although *murdravit* be in the indictment, yet, if it wants the words *ex malitia sua praecogitata* the party shall have his clergy."

The omission of the words "with malice aforethought," are as fatal in information charging the intent to commit murder as it is in an indictment for murder.

"Without the words 'malice aforethought,' and the artificial phrase 'murder,' the indictment will be taken to charge manslaughter only," 1st Chitty's Criminal Law, 243; and it follows that without the words *"malice aforethought,"* the information will be taken to charge intent to kill only. Courts are not at liberty lightly to set aside the requirements in pleadings. The interpretation of a statute becomes of as much importance as the statute itself, and therefore should not be changed unless the reason is irresistible. We could not do otherwise than notice the fatal objection, under our jurisprudence, to the indictment.

We quote the following, as applying:

"As to the emphatic verdict of the jury, although upon an indictment technically insufficient, it affords the strongest presumption that the person is guilty"—and as in legal contemplation, he has not yet been in jeopardy of life or limb on that account, it becomes our duty

.as conservators of the peace, to guard against his escape from justice, so far as it is possible for us to do.

It is therefore ordered, adjudged and decreed that the judgment of the District Court be annulled, avoided and reversed. It is further ordered, adjudged and decreed, that the judgment against August Johnson upon the information presented, a copy of which is of record on appeal, be arrested, and that the verdict of the jury be set aside, and the defendant be remanded in custody, subject to the orders of the District Court of the Parish of St. Charles.