No. 13,742.

STATE OF LOUISIANA VS. ROSS JOHNSON AND WILLIAM PATE, ALIAS DANIELS.

SYLLABUS.

1. The accused asked three special charges to the jury, all of the same import, one of which was: "That the greater the crime, the stronger is the proof required for conviction." *Held*—No error in refusal to give.
2. There is no law or precedent in this jurisdiction, and none cited in other jurisdictions, which requires, authorizes, sanctions or approves the proposition advanced, or the distinction in criminology sought to be made.
3. An indictment which charges that the two accused persons, naming them. "did wilfully, feloniously and of *their* malice aforethought kill and murder," etc., is sufficient in law.
4. A bill of exceptions to the ruling denying change of venue is necessary, and the testimony taken on trial of the motion has no proper place in the transcript unless brought up by a bill of exceptions by being annexed to or made part thereof.

APPEAL from the Fifteenth Judicial District, Parish of Calcasieu —*Miller, J.*

*Walter Guion.* Attorney General, and *Joseph Moore,* District Attorney, (*Paul A. Sompayrac, A. R. Mitchell* and *Lewis Guion,* of Counsel), for Plaintiff, Appellee.

*Robert L. Belden* for Pate, and *E. North Cullom* for Johnson, Defendants, Appellants.

The opinion of the court was delivered by

BLANCHARD, J. Defendants were jointly indicted for the murder of Paul M. Sloane, tried together by jury, found guilty without capital punishment, and from a sentence of penal servitude for life, prosecute this appeal.

Separate counsel represented the accused.

At the conclusion of the regular charge to the jury, counsel for Ross Johnson requested the judge to charge additionally as follows:—

"That the fouler the crime is, the clearer and the plainer ought to be the proof to convict."

"That the more flagrant the crime is, the more clearly and satisfactorily it should be made to appear to the jury."

"That the greater the crime, the stronger is the proof required for conviction."

The judge declined to so charge, and a bill of exceptions was taken.

We have been referred to no law or precedent which requires authorizes, sanctions, or approves the propositions advanced, or the distinctions in criminology sought to be made.

There was no error in the ruling of the judge.

Counsel for William Pate, and on his behalf, filed a motion in arrest of judgment on the following grounds, to-wit:—

"1st. The indictment is insufficient in not charging that *defendants killed and murdered* Paul M. Sloane."

"2nd. The indictment is defective in not charging that the defendants *did* kill and murder Paul M. Sloane."

"3rd. The indictment is defective inasmuch as the necessary ingredient of malice is not properly alleged."

The motion was overruled and a bill taken.

The argument of counsel is, the indictment does not contain the words "*defendants* did wilfully, feloniously and of *defendants'* malice aforethought kill and murder one Paul M. Sloane", etc.; that the word used in place of "defendants" is "their".

It is urged that nothing but the letter of the law will answer, and that the word "their" cannot be taken by intendment or implication to mean "defendants", or "for defendants".

In support of this the court is referred to R. S. 1047; 45 La. Ann. 1455; 48 La. Ann. 1362.

The bill of indictment charges "that Ross Johnson and William Pate, *alias* William Daniels, * * * did maliciously, wilfully, feloniously and of their malice aforethought kill and murder one Paul M. Sloane", etc.

The contention made on behalf of the accused Pate would require it, under pain of insufficiency, to read as follows:—

"That Ross Johnson and William Pate, *alias* William Daniels  *   *

\* *as defendants* did maliciously, wilfully, feloniously and of *defendants'* malice aforethought kill and murder one Paul M. Sloane," etc.

The statute (R. S. 1048) declares:—

"It shall be sufficient in every indictment for murder to charge that the defendant did feloniously, wilfully and of his malice aforethought kill and murder the deceased."

Testing it by the statute, the indictment in this case is entirely sufficient.

The word "their", preceding "malice aforethought", where two or more persons are charged with the murder, or the word "his", preceding "malice aforethought", where one person is charged with the crime, suffices.

Neither is it necessary, or preferable as a matter of concise expression, to use the word "defendants" or "as defendants" immediately preceding the words "did wilfully, feloniously," etc. Their use would add nothing in the way of aptness, clearness, description, or force to the indictment.

The authorities to which we have been referred, mentioned *supra,* do not at all sustain the contention of counsel.

A motion for a change of venue appears to have been made on behalf of both defendants. Testimony was taken therein and is copied in the record. The motion was overruled, but no bill of exceptions to this ruling was taken. A bill was necessary, and the evidence has no proper place in the record except as brought up by a bill of exceptions, annexed to or made part thereof. State vs. Williams, 30 La. Ann. 1028; State vs. Daniel, 31 La. Ann. 91.

It is not considered, therefore, that anything relating to this motion for change of venue, or the testimony taken, is before the court.

Such, too, we take it, is the view of counsel for the accused, for neither makes any mention of the motion in briefs filed.

Judgment affirmed.

Rehearing refused.