MONROE, J.
This is an appeal from a conviction and sentence for shooting with intent to commit murder.
The record shows a bill of exceptions to the overruling of defendant’s motion to quash the indictment, which motion reads in part as follows, to wit:
“That the grand jury * * * was drawn from a panel * * * selected by the jury commission on June 21, 1905; that in the selection of said panel the * * * commission failed * * * to strike from the -general venire list the names of those who had served as grand and petit jurors since the previous drawing of the general venire, to supplement the original list with the same number of good and competent men as had been taken from the box and erased from the list; that, on the contrary, the said commission replaced upon the list, and placed in the general venire box, a number of names that they had just stricken from said list and who had served as jurors at the previous term * * * in January, 1905; that said commission failed to make in detail a procSs verbal of their acts in making the examination and supplementing the jury list and ballots in the box on June 21, 1905; that the names of the persons taken from the box and stricken from the list does not appear on said procSs verbal, and neither do the names selected to supplement the list and ballots * * *; that the indictment is illegal for the further reason that * * * the district attorney * * * was present with the grand jury during its investigation of the charge, * * * and participated in its deliberations, * * * expressed opinions on questions of fact, and suggested and advised the action in returning the indictment, * * * and was present when the conclusion was reached and a vote taken * * * on the question of returning said indictment.”
Two bills were taken on' the trial of this motion — the one, to the exclusion of the testimony of A. S. Hill, a member of the grand jury, who was asked whether the district attorney was present and advised as to the action to be taken during the investigation of the charge against the defendant, and who else was present when such action was taken; the other, to the exclusion of the testimony of the district attorney, to whom similar questions were propounded, which testimony was excluded on the objection of the state that its purpose was to impeach the findings of the grand jury through one of its members, and through an officer forbidden by law to make the disclosures sought to be obtained.
The ruling complained of was correct. “The testimony of a grand juror cannot be introduced to impeach the indictment. * * ■* The rule as to the secrets of grand juries is generally the same as to prosecuting attorneys.” Elliott on Ev. vol. 1, pp. 745-747, § 642; State v. Lewis, 38 La. Ann. 680; State v. Comeau, 48 La. Ann. 249, 19 South. 130.
It appears that the names of several persons who were drawn for service as jurors in December, 1904, were again drawn in November, 1905; but it does not appear that any of them were members of the grand jury by which the defendant was indicted, or of the petit jury by which he was convicted. Moreover the exemption resulting from their previous service, by' the express terms of the law, was personal to them, and would have afforded the defendant no ground of objection if he had been indicted or tried by them. Act No. 135, p. 217, of 1898, § 2.
The defendant also excepted to the overruling of a motion in arrest of judgment which was offered in his behalf, and which reads in part:
“That the indictment * * * is defective in this, to wit: That it does not charge the intent with which the shooting is alleged to have been done to have been felonious, willful, or with *408 malice aforethought of the accused; nor does it use words of equivalent import in characterizing said intent.”
The indictment, so far as it needs be quoted, reads:
“That Jake- Hopkins * * * did feloniously, willfully, and maliciously shoot one Sullivan Fair and one George Douglas, with a dangerous weapon, to wit, a shotgun, with intent to commit murder,” etc.
The statute under which this finding was made (Rev. St. § 791) provides that:
“Whoever shall shoot, stab, or thrust any person, with a dangerous weapon, with intent to commit murder [otherwise than while lying in wait to commit certain crimes as provided in the preceding section] shall, on conviction, suffer imprisonment,” etc.
The crime charged is that defined by the statute, the gist of which consists in the defendant’s having shot the parties named in the indictment, with the intent to commit the common-law crime of murder, and, for the purposes of the charge made, it was unnecessary that the ingredients of the. crime with which defendant is not charged should have been set forth. It was sufficient that that crime should have been described by name. State v. Jean Gay Fils et al., 25 La. Ann. 472; State v. Kelly, Id. 381; State v. Frances, 36 La. Ann. 336; State v. Washington, 48 La. Ann. 1361, 20 South. 911; State v. Slutz, 106 La. 182, 30 South. 298.
Judgment affirmed,