MONROE, J.
Defendant, having been convicted of murder without capital punishment, and duly sentenced, prosecutes this appeal, and relies on two bills of exception — the one, to the overruling of a motion for continuance; the other, to the overruling of a motion for new trial.
[1] 1. The complaint which appears to be insisted on in the bill first mentioned relates to the absence of Laura Patton and Harvey Brooks, otherwise called “Hickey,” two witnesses whom defendant sought to have summoned, and whose addresses he gave — that of Laura Patton, as Merryville, Beauregard parish,' and that of “Hickey” (as the name was given), as De Quincy, Calcasieu parish. The statement per curiam annexed to the bill is in substance as follows:
Defendant was indicted and arraigned, and pleaded “not guilty” on April 16th, and his case was then, by agreement, set down for trial for April 23d. In the afternoon of April 18th defendant placed upon the witness book an order for the summoning of certain witnesses said to reside in Yernon parish, and he, at the same time, obtained an order from the court for the summoning of certain witnesses, including the two above named, residing in other parishes. When the ease was called for trial on April 23d, defendant, through his counsel, stated that he was not ready, for the reason that several of his witnesses had not appeared, and no returns of service had been made, and the court thereupon postponed the trial until the following day, and, in the meanwhile, directed the sheriff and the clerk to get in the returns, and the sheriff to bring in the witnesses who resided in the parish. The statement then continues:
“The clerk then soon secured returns on such ’witnesses, showing that the witness Laura Patton had gone from Merryville and whereabouts unknown, the witness ‘Hickey’ was not known at De Quincy, and could not be found. * * * The court then advised defendant’s counsel that, though they had not been diligent in securing the presence of these nonresident witnesses, it would do all it could, during the period of postponement, to secure their presence, and to that end directed a deputy to search for them. This deputy heard that Laura Patton and ‘Hickey’ were in Lake Charles, and on the evening of the 23d, went there, but could not find them. However, he got a report that they had gone again to Merryville, and (he) phoned the court early in the morning of the 24th, at which time the court directed the deputy to go there and get them, if they could be found, and to telegraph the court what he accomplished when he got there. In the afternoon of the same day this deputy, phoned the court from De Bidder that he had been unable to reach Merryville on account of high water, whereupon the court called the deputy sheriff at Merryville and asked him if these witnesses were there, and, upon being informed that they were not, called the case, at which time the state announced ‘ready,’ and de *579 fendant’s counsel objected, and asked for time to ■prepare a motion for continuance.”
Counsel for defendant complain somewhat that they were hurried in the preparation of their motion. The judge says that he waited upon them until they were ready to file it. The judge calls attention to the fact that-the motion fails to allege that the testimony sought to be obtained was either material or admissible, that due diligence had been exercised in the effort to obtain it, that the application for continuance was not made for delay, and he states that defendant and two other witnesses testified on the trial to the facts which defendant alleged that he expected the absent witnesses to testify to, with the exceptions of threats said to have been made by the deceased, and that testimony concerning such threats was inadmissible because no overt act on the part of the deceased was proved, and the alleged threats were not shown to have been communicated to the defendant.
Defendant alleges that one of the witnesses who failed to answer was “Harvey Brooks, a colored man whose name was unknown to your defendant, but who is designated by the appellation of ‘Hickey,’ and whose address they say was Fullerton, La.” The sheriff was, however, directed to serve “Hickey” at De Quincy. The judge, as we have seen, states that the return from De Quincy was that “Hickey” was not known, and could not be found there. In concluding their motion, defendant’s counsel allege:
“That said witnesses” (referring to Hickey and Patton) “now live at Merryville.”
And, finally, there is what purports to be an unsigned statement or return by a deputy sheriff at De Quincy, referring to “Hickey,” and reading:
“Your man is not here; he is in Fullerton.”
We conclude from the motion, the bill, and the statement of the court that plaintiff did not know at the time that his counsel consulted him on the subject where the two witnesses, Patton and Hickey, were to be found; that he was no better informed when the motion for continuance was filed; and that he failed to show that he had exercised any diligence in the matter, or that he would be able to secure the presence of the witnesses upon any future occasion. We therefore find no error in the ruling complained of. State v. Duffy, 39 La. Ann. 421, 2 South. 184.
[2] 2. The bill to the overruling of the motion for new trial is based upon the same facts as those just considered. The motion itself recites that the witnesses, “Patton and Hickey, at the time they were sought to be subpoenaed, had temporarily gone to Elizabeth or Oakdale; but that on the 23d day of April, 1913, the said witnesses returned to Merryville, where they permanently reside,” and it is sworn to by the defendant, who, being locked up in jail, could not possibly have had the information necessary for such an affidavit.
Judgment affirmed.