(90 South. 665)

No. 24996.

## STATE v. MENARD.

(Jan. 2, 1922. Rehearing Denied Jan. 30, 1922.)

*(Syllabus by Editorial Staff.)*

1. **Indictment and information** ⬅110(17)—Indictment charging cutting with dangerous weapon, with intent to murder, need not allege that crime was committed with malice aforethought.

Indictment charging that defendant "unlawfully, willfully, maliciously, and feloniously, with a certain dangerous weapon, to wit, a pocket knife, cut one C., with intent him, the said C., to kill and murder," *held* sufficient to charge the crime of cutting with a dangerous weapon with intent to commit murder denounced by Rev. St. § 791, as amended by Act No. 43 of 1890 without the further accusation that defendant acted "with malice aforethought" or "of his malice aforethought," notwithstanding Rev. St. § 1048, since indictment charged the crime substantially in the words of the statute.

2. **Indictment and information** ⬅110(2)—Indictment charging statutory crime substantially in words of statute sufficient.

An indictment for a statutory crime is sufficient if it follows substantially the language of the statute.

Appeal from Nineteenth Judicial District Court, Parish of St. Martin; James D. Simon, Judge.

Homer Menard was convicted of cutting with a dangerous weapon with intent to commit murder, and he appeals. Affirmed.

James D. Simon, of St. Martinville, for appellant.

A. V. Coco, Atty. Gen., E. M. Vuillemot, Dist. Atty., of New Iberia, and T. S. Walmsley, of New Orleans, for the State.

BAKER, J. Appellant was convicted of the crime of cutting with a dangerous weapon, with intent to commit murder.

The record contains several bills of exceptions, but they have all been abandoned, being without merit, except one. That one was reserved to the overruling of a motion in arrest of judgment. The motion was founded upon the fact that the indictment did not charge that the offense was committed "with malice aforethought" or "of his malice aforethought."

The crime referred to is denounced by section 791 of the Revised Statutes, as amended by Act 43 of 1890, p. 37, viz.:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder * * * shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty one years."

The indictment in this case was drawn in the following language, viz.:

"That one Homer Menard * * * unlawfully, willfully, maliciously and feloniously, with a certain dangerous weapon, to wit; a pocket knife, cut one Camille Lopez, with intent him the said Camille Lopez to kill and murder."

[1] We are referred to three decisions in which this court held that it was essential, in indicting for the crime denounced by section 791 of the Revised Statutes, to allege that the party accused acted "with malice aforethought" or "of his malice aforethought." State v. Green, 36 La. Ann. 99; State v. Scott, 38 La. Ann. 387; and State v. Johnson, 51 La. Ann. 1647, 26 South. 437. There are other decisions in which the doctrine seems to have been implied, viz.: State v. Bradford, 33 La. Ann. 921; State v. Williams, 37 La. Ann. 776; and State v. Hunter, 42 La. Ann. 814, 8 South. 583. But this court has also held, in five cases, one of which was decided only recently, that in an indictment for shooting, stabbing, cutting, or thrusting with a dangerous weapon with intent to commit murder, it is only necessary to follow substantially the language of the statute and is therefore not necessary to set forth the elements of the crime of murder. State v. Brown, 21 La. Ann. 347; State v. Forney, 24 La. Ann. 191; State v. Francis, 36 La. Ann. 336; State v. Washington, 48 La. Ann. 1361, 20 South. 911; and State v. Hopkins, 115 La. 786, 40 South. 166. The decisions holding that it is necessary, in an indictment for shooting, stabbing, cutting, striking or thrusting with a dangerous weapon with intent to commit murder, to charge that the act was committed "with malice aforethought," or "of his malice aforethought," are founded upon the erroneous theory that that is so because the law (Rev. St. § 1048) says:

"It shall be sufficient in every indictment for murder to charge that the defendant did feloniously, willfully, and of his malice aforethought. kill and murder the deceased."

[2] The decisions to the contrary are founded upon the correct and well-established doctrine that, in an indictment for a statutory crime, it is sufficient to follow substantially the language of the statute. All recognized authorities on criminal law agree that, in an indictment for committing a specified crime with the intent to commit a specified common-law crime, it is not essential to set forth the elements or ingredients of the common-law crime, as it is in an indict-

ment for the commission of the common-law crime itself.

Our conclusion is that the indictment in this case is not defective.

The verdict and sentence appealed from are affirmed.