(137 So. 57)

## STATE v. WILSON.
### No. 31285.

July 17, 1931.

Rehearing Denied Oct. 6, 1931.

Thomas W. Robertson and L. C. Blanchard, both of Shreveport, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and James U. Galloway, Dist. Atty., of Shreveport, for the State.

OVERTON, J.

Defendant was convicted under an information charging, to quote the charge, that he "did shoot J. C. Glenn with a dangerous weapon, to wit: a pistol and a rifle, with the intent to commit murder," and was sentenced to the penitentiary for not less than eight nor more than twelve years. He relies on three bills of exception for a reversal.

Bills numbered 1 and 3 were taken to the overruling of a motion to quash and of a motion in arrest of judgment. As both bills present the same question, namely, whether the information charges an offense known to the law, they may be considered together.

Defendant's position is that the information charges no offense known to the law, because it does not charge that the shooting was done "wilfully and unlawfully," and because it does not charge that it was done "feloniously," nor that it was done with malice aforethought.

The charge is preferred under section 791 of the Revised Statutes, as amended and re-enacted by Act 43 of 1890, which, in so far as pertinent, reads as follows:

"Whoever shall shoot, stab, cut, strike or thrust any person with a dangerous weapon with intent to commit murder, under any other circumstances than those mentioned in the preceding section [referring to a higher grade of the offense], shall, on conviction, suffer imprisonment at hard labor or otherwise for not less than one nor more than twenty one years."

The position that the information must allege that the shooting was done with malice aforethought is not supported by the law. This very point was at issue in State v. Menard, 150 La. 324, 90 So. 665, and, after a consideration of the authorities for and against the position, it was held that the allegation was unnecessary, the ruling being based largely on the well-established doctrine that, in an indictment for a statutory crime, of which the offense, here charged is one, it suffices to follow substantially the language of the statute, creating the offense. We adhere to the ruling. It finds support to-day in article 227 of the Code of Criminal Procedure, where the same rule is reflected.

The position that the information must expressly charge that the shooting was done unlawfully or feloniously is likewise not supported by law. Since the adoption of the Code of Criminal Procedure, in the year 1928, no indictment may be held insufficient for the omission of the word "unlawfully" or of the word "feloniously." Article 234, Code of

Crim. Proc. The propriety of their omission is also supported by the fact that neither word is found in the statute, denouncing the offense.

The position that the information must charge expressly that the shooting was done willfully ought not to be sustained. If the word "unlawfully" or the word "feloniously" may be omitted from the indictment, it would seem that, with equal propriety and reason, the word "wilfully" may be omitted. That word does not appear in the statute creating the offense charged, and it suffices that the offense be charged in the language of the statute creating the offense, or in words unequivocally conveying the meaning of the statute. State v. Menard, supra; Code Crim. Proc. Art. 227. It may be observed also that in the short forms of indictment, given in article 235 of the Code of Criminal Procedure, the word "wilfully" is omitted in all forms given, without reference to the necessity of using the word, as the law stood, prior to the adoption of the Code. It was the manifest intention of the framers of the Code that the use of the word "wilfully," like the use of the word "unlawfully" or "feloniously," should no longer be necessary.

The omission of the words "wilfully, unlawfully and feloniously," as also of the expression "of his malice aforethought," in no sense deprives the accused of his constitutional guaranty, as provided by section 10 of article 1 of the Constitution of 1921, to be informed of the nature and cause of the accusation against him. It is impossible to see how one may shoot another with a dangerous weapon with intent to murder, unless he does so willfully, unlawfully, feloniously, and of his malice aforethought. All of these words are implied in the intent to murder. Without the ingredients, expressed by these words,

there would be no such intent. All that the law has done is to dispense with the use of words that are clearly and necessarily implied in the charge preferred. This is not a violation of the constitutional guaranty of the rights of an accused. He could gain nothing by the expressing of what is clearly and necessarily implied.

Bill of exception No. 2 was reserved to the overruling of a motion for a continuance. The motion rests upon the absence of two witnesses—J. B. Ivey and W. B. Wilbourne, Jr. The defendant expected to prove by these witnesses that, on the afternoon of the shooting, the witness Ivey invited defendant to go hunting with him in the northwestern part of Bossier parish; that defendant procured a rifle for this purpose, and was preparing to go on the hunting trip. We assume that the purpose of this evidence was to account for the presence of defendant in the parish of Caddo, where the shooting occurred, with the rifle, mentioned in the bill of indictment. The district attorney refused to admit that these witnesses would testify as alleged by defendant. The trial judge, in his statement forming part of the bill, says:

"This case came up for trial the first time about thirty days previous to the present time, the same two witnesses were absent at that time, and the evidence taken on the present motion failed to show that the accused had made any attempt to get in communication with said two absent witnesses, and the evidence further failed to show anything in regard to the further presence of J. B. Ivey; and it further showed that the father of W. B. Wilbourne, Jr., did not know when his son would return to the state of Louisiana, the said son being an employee of the Louisiana State Highway Commission, and stationed near Gurdon, Arkansas, as gravel inspector, the extent of his stay being unknown."

Both witnesses, though residents of this state, were absent from it. They were absent when the continuance was granted, based on that absence, thirty days before. In the interval between the first and second applications for a continuance the accused had ample time to secure the presence of the witnesses. The granting or refusing of a continuance is within the sound discretion of the trial judge. Code Cr. Proc. art. 320. The continuance ought to be refused, unless the evidence shows to the satisfaction of the court that it should be granted. Code Cr. Proc. art. 323. We are unable to say that the trial court abused its discretion in refusing the continuance.

The verdict of the jury and the sentence imposed are affirmed.