LAND, Justice.
 

 Defendants are jointly indicted under section 790 of the Revised Statutes of this state, amended by Act No. 24 of 1882. The indictment charges that defendants did “while the perpetration of a robbery, shoot and strike T. H. Taylor with a dangerous weapon, to-wit: a pistol, with intent to commit the crime of murder.”
 

 The trial judge sustained a demurrer to indictment1 on the ground that it failed to • charge a crime under the laws of this state, and from this decision the state has appealed.
 

 The decision of the lower court solely upon the case of State v. Brown, 21 La. Ann. 347.
 

 
 *682
 
 In that case the defendant was also indicted under section 790 of the. Revised Statutes, in that he did “with a dangerous weapon, to wit, a knife, and with the intent to commit the crime of murder, and while in the perpetration of the crime of robbery, stab and thrust one Ellen Elliott. * * * ”
 

 In the cited case, the Supreme Court said: “And we are of opinion that where the ‘perpetration of the crime of robbery’ is a substantive element in the offense charged, as it is in this case, and, in combination with another act, creates a capital crime, it ought to be set forth with as much distinctness of .statement
 
 as if the ei'ime of robbery alone had been charged.”
 
 (Italics ours.)
 

 It appears, therefore, that the case at bar is similar to the cited case.
 

 The state argues, however, that the Brown Case, handed down in 1869, is not only contrary to the subsequent decisions of this court, but is in direct conflict with article 227 of the Code of Criminal Procedure, which states the rule now existing in this state as follows:
 

 “The indictment must state every fact and circumstance necessary to constitute the offense, but it need do no more, and it is immaterial whether the language of the statute creating the offense, or words unequivocally conveying the meaning of the statute, be used.”
 

 No bill of particulars was filed by defendant in the case requesting the state to furnish any information necessary to enable defendant to make his defense, which would have been the proper plea, under articles 235 and 252 of the Code of Criminal Procedure, to have obtained a more definite description of the aggravating circumstances of the substantive offense charged, shooting and striking with a dangerous weapon, a pistol, with intent to commit the crime of murder.
 

 In our opinion, the trial court should not have sustained the demurrer in this case, as it could have required the state to furnish a bill of particulars, if it considered that any uncertainty existed in the indictment.
 

 The more recent provisions of the Code of Criminal Procedure of this state as to pleading and practice in criminal cases necessarily supersede the decision in the Brown Case, which stands alone in the jurisprudence of the state, as it is in plain conflict with the subsequent decisions of this court.
 

 In State v. Price, 45 La. Ann. 1430, 14 So. 250, this court said in considering sections 790 and 791 of the Revised Statutes and act No. 44 of 1890:
 

 “It is impossible to consider these three statutes conjointly without reaching the conclusion that they deal with one and the same subject-matter, to wit, the offenses of shooting, stabbing, cutting, striking, and thrusting with a dangerous weapon, with criminal intent to take life, under
 
 circumstances of varying aggravation.
 
 (Italics ours.) * * *
 

 “For instance, shooting with intent to murder, while lying in wait, is a capital crime, under section 790. Without the aggravation of lying in wait, the offense falls under section 791, the extreme penalty of which is 21 years’ imprisonment at hard labor; and when from this second offense the element of a murderous intent is eliminated, and the intent to kill is substituted, a third offense re
 
 *684
 
 mains, the least aggravated of the three, which is defined by Act No. 44 of 1890, and the maximum penalty of which is 3 years’ imprisonment, with or without hard labor.
 

 “Acts Ños. 43 and 44 of 1890 were passed almost concurrently by the general assembly. Act No. 43 of 1890 amended section 791 so as to make the language of this section coincide exactly with that of Act No. 44 of 1890, as regards
 
 the substantive criminal acts
 
 of shooting, stabbing, cutting, etc., denounced by the latter. The same verbal change which Act No. 43 of 1890 effected in section 791 had been previously effected in section 790 by Act No. 24 of 1882. (Italics ours.)
 

 “The verbal similarity of the three statutes, as they now stand, intentionally brought about by amendatory acts, and the adjustment of the penalties in .proportion to guilt, clearly show that the lawmaker intended to make them, and did make them, harmonious parts of one subject of criminal punishment.”
 

 See, also, State v. Jacques, 45 La. Ann. 1451, 14 So. 213; State v. Bolden, 107 La. 117, 31 So. 393, 90 Am. St. Rep. 280.
 

 It is clear from what is said in the case above cited that the substantive offense consists of the act of shooting, cutting, striking, etc., with a dangerous weapon with intent to commit the crime of murder, and that “lying in wait” and “while in the perpetration or attempt to perpetrate any arson, rape, robbery or burglary” are merely circumstances of aggravation.
 

 The fundamental error committed in State v. Brown, 21 La. Ann. 347, lies in the fact that the court considered the aggravating circumstance of “in the perpetration of the crime of robbery” a substantive offense, when, as a matter of fact, the defendant in that case could not have been convicted of the crime of robbery at all, as the only substantive offense charged against him was stabbing and thrusting with a knife with intent to commit the crime of murder.
 

 In the later case of State v. Forney, 24 La. Ann. 191, it was held that an indictment charging the accused with shooting with intent to kill and murder, while “lying in wait,” was good, as the offense is statutory.
 

 In State v. Menard, 150 La. 324, page 326, 90 So. 665, this court also declared that:, “ * * * In an indictment for shooting, stabbing, cutting, or thrusting with a dangerous weapon with intent to commit murder, it is only necessary to follow substantially the language of the statute and it is therefore not necessary to set forth the elements of the crime of murder.”
 

 The indictment in this case is drafted in the language of the statute and is sufficient.
 

 It is therefore ordered that the judgment appealed from by the state, sustaining the demurrer and ordering the discharge of defendants, be annulled and reversed.
 

 It is now ordered that this case be remanded and reinstated on the docket of the lower court and be proceeded with in due course.