HAWTHORNE, Justice.
The defendant Ed Jackson, tried for manslaughter, convicted, and sentenced to four years at hard labor in the state penitentiary, has appealed. This appeal presents only the question, raised by bills of exception, whether the trial judge erred in overruling defendant’s motions for a continuance.
The minutes of court, so far as pertinent, reflect the following: On November 12, 1965, the defendant being present in open court and represented by counsel, the case was fixed for trial for Wednesday, January 19, 1966, at 10:00 a.m. On January 17, two days before the trial date, the defendant filed a motion for continuance alleging that a material witness named Harvey (or Bobby) Stafford was absent. This motion was overruled. On January 18, the day before the date set for trial, he again sought a continuance because of the absence of this witness, and in this motion further objected to going to trial on January 19 because that date was a legal holiday, Robert E. Lee’s birthday. On January 19 the trial judge re-fixed the case for trial for the following day, January 20, and again overruled defendant’s motion for a continuance based on the ground of the absence of the witness.
The absent witness Stafford had been summoned by the State but evidently was never served with this summons. The trial judge’s per curiam shows the following: Counsel for the defendant discovered on January 17, two days before the case was to come up for trial, that the witness Stafford was no longer in Louisiana. On this date, *1103 January 17, he caused a summons to he issued for the witness, knowing at the time that the summons could not be served because the witness was out of the state, and on the same day he filed his first motion for a continuance. The judge says in his per. curiam:
“ * * * The reason for the Court denying the motion for continuance was that there had been no due diligence shown by the defendant in seeking to have this witness summoned. The State waived the right to have the witness present. The ■defendant can not rely upon witnesses appearing in Court upon a summons from the other side because the other side may very easily waive his appearance, which they did do in this particular case.
“In addition to this there was no showing by the defendant to where this witness had gone, when he had left or when he was coming back, if ever. If this case were to be continued until such time as this witness would voluAtarily return to the State of Louisiana, it is very possible that it would never be tried.”
Under the facts set out in the per curiam the trial judge did not abuse his discretion in denying defendant’s motions for a continuance, particularly since the witness was out of the state and had not been summoned and there was no showing of a reasonable prospect of obtaining the attendance of the absent witness if the case were to be continued. Moreover, we approve the reasons given by the judge for overruling these motions. Former R.S. 15:322; State v. Baptiste, 108 La. 586, 32 So. 461; State v. Thompson, 121 La. 1051, 46 So. 1013; State v. Simpson, 133 La. 576, 63 So. 179; State v. Bischoff, 146 La. 748, 84 So. 41; see also State v. Wilson, 173 La. 347, 137 So. 57; State v. Dallao, 187 La. 392, 175 So. 4.
Finally, we think that the trial judge properly continued the case from January 19, a legal holiday, to the following day, January 20.
The conviction and sentence are affirmed.