## No. 337.

### THE STATE OF LOUISIANA VS. FRANK WARE.

On a trial for stealing a horse under an indictment wherein ownership of the animal was laid in Ned Dansby, the evidence going to show that at the time of the commission of the crime there existed a contract between Dansby and one Brooks, whereby it was left in doubt whether its legal title still remained in Dansby or had passed to Brooks, the district attorney, with leave of the court, and without objection from the accused, amended the indictment so as to make it aver that if the horse alleged to have been stolen was not the property of Ned Dansby, then it was the property of Newt. Brooks.

On the second trial of the accused (the first having resulted in a mistrial), as the State was about to introduce evidence as to ownership, the accused objected to any evidence on that subject on the ground that the indictment, as amended, alleged no ownership in any particular person. The court overruled the objection. Held, the objection was not well taken and the ruling was correct.

The amendment was authorized to be made by Sec. 1047 of the Revised Statutes, and the State had the right to support the indictment as amended by evidence.

A verdict and judgment upon the amended indictment would bar a future prosecution for stealing the particular horse mentioned in the original indictment; its identity was not affected by the amendment.

Ownership in a particular person is not an essential ingredient in larceny. If the particular horse mentioned in the indictment could be shown to have been taken by the accused under the circumstances mentioned therein, he would be guilty of the crime charged, and it would be immaterial to him whether, as between Dansby and Brooks, it belonged to the one rather than to the other; it would be sufficient, so far as he was concerned, to show that it did not belong to him, but to a third person.

For the same reasons held, that the district judge acted correctly in overruling a motion in arrest of judgment, based upon the ground that the verdict of the jury on the amended indictment, and the judgment of the court thereon, were void for uncertainty.

APPEAL from the Third District Court, Parish of Claiborne. Barksdale, J.

J. D. Everett and J. R. Land, District Attorneys, for the State, Appellee.

J. R. Phipps for Defendant and Appellant.

The opinion of the court was delivered by

NICHOLLS, C. J. The defendant having been found guilty of stealing a horse and sentenced to hard labor in the penitentiary for one year and three months, appeals.

It appears that in the indictment the ownership of the horse was originally laid as being in one Ned Dansby, but that later, on the trial of the case, after evidence had been adduced, an amendment was offered by the district attorney and allowed by the judge without objection from the accused, so that the indictment was made to aver that if the horse alleged to have been stolen was not the property of Dansby, then it was the property of Newt. Brooks.

The first trial resulted in a disagreement of the jury. On a second trial, as the State was about to introduce evidence on the subject of ownership, it was met by an objection on the part of the accused that evidence on that point was inadmissible for the reason that the indictment, as amended, alleged no ownership in any particular

person. The court overruled the objection, to which ruling the defendant reserved and has taken a bill of exception. The second trial resulted in a verdict of guilty, which was followed by a judgment and sentence, as has been stated.

Before judgment was rendered, however, the defendant moved in arrest thereof on the ground:

1. That under the indictment it was impossible to ascertain whose horse Ware had been convicted of stealing, and the verdict is void for uncertainty, and could not be the basis of a judgment in the case.

2. That the indictment is void for duplicity and uncertainty in that it alleges that the defendant stole either the horse of Dansby or the horse of Brooks, and that judgment in said case could not be a bar to a future prosecution for stealing the horse of Dansby nor as a bar to a prosecution for stealing the horse of Brooks.

The first point we are called on to consider is the ruling of the judge in permitting evidence to be introduced as to ownership. Though the facts would not have affected the result, it will be observed that, at the time of that ruling, no direct attack had been made by the accused upon the indictment as amended, and also observed that he interposed no objection to the granting of the amendment at the time when the application therefor was made by the district attorney.

His objections first took shape during the progress of the second trial, and then only by way of opposition to the introduction of evidence in support of the averments of the indictment as it then stood amended on the subject of ownership.

We think the reasons assigned by the judge in support of his action were well founded and justified by the decisions in the cases of State vs. Hanks and State vs. Harris.

He says in substance that the case had been tried once, and that after hearing the evidence the district attorney offered the amendment which appears on the record, and that it was allowed without objection by the defendant; that under the indictment he concluded the allegation as to ownership distinctly negatived the idea that the horse belonged to defendant and meant that its legal title was in dispute between Dansby and Brooks; that the evidence on the first trial showed a contract between them of a conditional character·

which left in great doubt the question as to where the legal title was, and that knowing the facts, it was clear to him that the indictment, as amended, alleged ownership with reference to this condition of affairs, and meant that the horse stolen was not defendant's, but was the property of either Dansby or Brooks, and therefore the State could introduce evidence on the subject of ownership as alleged.

In the case of the State vs. Hanks, 39 An. 235, where it was complained that the district judge had erred in allowing an information to be amended after the trial had begun, and which amendment consisted in changing the averment of the ownership of the horse stolen from Sevigne Duhon to Cecile Duhon, wife of William Harron, the court said the amendment was fully supported by Sec. 1047 of the Revised Statutes, and that the judge *a quo* had sustained his action by conclusive reasons showing that the amendment as to ownership did not in the slighest degree affect the identity of the particular horse charged to have been stolen.

The court proceeded to say that the section contemplated a correction or variance, not merely in the name of the person mentioned as owner, but in the ownership itself; that the ownership of a particular person is not an essential ingredient of the crime of larceny, which is simply the felonious taking and carrying away the personal goods of *another*, and even if the owner be unknown the offence may be properly charged and sustained; that the essential facts constituting the crime of larceny of a particular specified horse were not in any manner affected by the question whether the horse was the property of Sevigne Duhon or of Cecil Duhon; that it was sufficient it was the property of another; that the identity of the horse charged to have been stolen was the important thing in determining whether the offence proved is the offence charged.

These views were referred to approvingly in State vs. Harris, 42 An. 980, and apply directly to the present case.

The reasons here given in support of the ruling of the district judge in the matter of evidence support also his action in overruling the motion made in arrest of judgment.

The judgment rendered in this case will bar any future prosecution of the defendant for the stealing of the particular horse mentioned in the indictment.

Defendant is in error when he states in his motion in arrest that the indictment charges that he stole either the horse of Ned Dansby or the horse of Newt. Brooks—it charges that he stole the particular horse referred to in the indictment, wherein it is declared to be the property of Ned Dansby, and if not the property of Ned Dansby, then it was the property of Newt. Brooks.¹

