NICHOLLS, C. J.
The accused, indicted for the murder of Joseph Carriere, was found guilty as charged, without capital punishment. He moved for a new trial on the ground of newly discovered evidence. Evidence was taken upon the trial of the motion, and, after hearing, the court overruled the application and sentenced him.
In overruling the motion the court said: “Testimony in support of this application is conceded to be entirely cumulative, as at least three of the witnesses heard upon the trial gave substantially the same testimony. It does not appear to me that the defendant has made any serious effort to procure the attendance of the witnesses at the time of his trial. They lived in the immediate neighborhood of the scene of the trouble, and were acquainted either with the defendant or persons connected with the trouble. Had he exercised the same diligence before conviction
*419 as upon the application, he in all probability would have been able to have secured their attendance.
“Under the evidence Heard by the jury, they could have reached no other verdict; and the defendant, in my opinion, would have had no legal grounds for complaint, had they found an unqualified verdict of guilty. The fact that the defendant was intoxicated doubtless caused the jury to qualify their verdict. The misconduct and disturbance created by the defendant in front of the residence of the deceased caused deceased’s wife to call upon him to keej) the peace. He came out in his working clothes, and was killed by defendant in front of his own door. The jury which tried the case was above the average in intelligence, and, believing, as I do, that the verdict found by them was justified by the evidence, I am compelled to decline to set it aside. Counsel who now represents the defendant did not represent him upon the original trial, but was the attorney of his codefendant, Icard, whose cause, on account of lack of evidence, was abandoned by the state.
“The attorney who appeared for the defendant under appointment of the court represented his client both during the trial and in argument to the jury with great ability, and, had a different result been possible under the evidence, his management of the case would have brought it about. Another trial would not, in my opinion, produce a different result.”
Under these statements made by the trial court, we would not be warranted in overruling his conclusions. He heard the entire evidence of which the case was susceptible— that on the application for a new trial as well as that taken on the trial, itself. This court knows nothing beyond that taken in the former, and can form no opinion as to what effect it could or should have, were a new trial granted, in bringing about a different result. The judgment appealed from is affirmed.