MONROE, C. J.
Plaintiff appeals from a conviction of, and sentence for, keeping a grog and tippling shop, in violation of R. S. § 910, and presents his case on two bills of exception which relate to the same point and make the following showing, to wit:
That Acey Drew testified that he sold beer and whisky for defendant at Crichton, La., which was received by defendant at that point from Wol & Co., of Alexandria, and that he was under indictment therefor, and was testifying against defendant because defendant would not furnish the money required for his defense; that it was shown that Drew was also under indictment for embezzlement, and had the reputation of being a gambler and bootlegger; that it was therefore necessary to corroborate his testimony; that the state «failed to the stand R. M. Handley, who produced books and delivery sheets, purporting to be records of the express office at Crichton, but testified that he had taken charge of the office several months after the dates covered by them, and as follows:
“The witness * * * was asked if Joe Maddox had received a cask of beer and how he knew it, and was permitted to testify, over the objection of counsel, that he had receipted for such cask of beer, said testimony being from the receipt on the records he had, and this testimony was objected to for the reason that, on examination, the witness stated that he did not know the signature of Joe Maddox, and was only testifying from what he saw on the sheet before him, and did not know if the receipt was by Joe Maddox or not, as he did not know his signature, and knew nothing of the correctness of the sheets. * '* * The objection to the testimony .to the signature of Joe Maddox on the express receipts, unless he knew it to be the signature of Joe Maddox, was overruled by the court, and the witness permitted to testify, from the record, which he said he did not ‘know’ to be correct and did not know the signature.”
The statement per curiam, made part of the bills, is:
“The court understands that the express books are permitted to be used in evidence, and the witness brought said books into court, and they were introduced for the purpose of showing that the defendant had received shipments of intoxicating liquors. However, the post office showed that the defendant had obtained money orders payable to the dealer in intoxicating liquors, from whom the evidence showed defendant purchased said liquors. And another witness overheard the defendant authorize said dealer in intoxicating liquors to draw, as he, the defendant, had deposited money to cover in bank. So the [objection to the] books went more to the effect than the admissibility; the fact that the agent who made the entry was not present weakened the evidence against defendant.”
*721 We think there was- error in the ruling. Acts 202 of 1914 and 23 of 1915 (extra session), both of which relate to shipments of intoxicating liquor into prohibition territory, contain certain provisions relating to the keeping, and the admission in evidence, of records showing such shipments, but we do not understand the parish of Red River to be prohibition territory, and hence those acts have no application to this case. The general rule is that a document purporting to bear the signature of a litigant is not admissible as evidence against him unless the signature he proved, or admitted, and that rule is equally applicable to any other writing or matter in or upon such document. A mere writing in a book, or on a piece of paper, does not prove itself, unless the law so declares, and, in the absence of such law, the verity of the writing must be established by competent evidence or the book, oy paper, is itself incompetent.
Our learned brother says that “the fact that the agent who "made the entry [and who alone knew whether it stated, or showed, the truth] was not present, weakened the evidence against defendant,” from which we infer that he considered that it still had certain probative value without which it is not clear that he would have convicted defendant.
It is therefore ordered that the conviction and sentence appealed from be set aside, and the case remanded, to be tried anew.