(76 South. 822)

No. 22743.

STATE v. McGRAW.

(Oct. 29, 1917. Rehearing Denied Nov. 26, 1917.)

*(Syllabus by the Court.)*

BRIBERY ⊗⟳2—PUBLIC OFFICERS—CONSTITUTIONAL AND STATUTORY PROVISIONS.

The fact that the Constitution defines the crime of bribery of a public officer as the giving or offering of a bribe, or other pay than the compensation allowed by law, to a public

officer—or the acceptance of such bribe or pay by a public officer—as an inducement to him to perform an official duty, does not prevent the Legislature from denouncing, as a high grade of the same offense, the bribery of a public officer to do an official act with partiality or favor.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Bribery.]

Appeal from First Judicial District Court, Parish of Caddo; T. F. Bell, Judge.

J. O. McGraw was accused of receiving a bribery as a public officer. Demurrer to bill of indictment sustained, and the State appeals. Judgment reversed, and cause remanded.

A. V. Coco, Atty. Gen., and L. C. Blanchard, Dist. Atty., of Shreveport (Vernon A. Coco, of New Orleans, of counsel), for the State. Levy & Crane, of Shreveport, for appellee.

O'NIELL, J. The defendant was accused of the crime of receiving a bribe, as a public officer. The bill of indictment charged that he—

"did willfully and feloniously, being then and there a member of the police force of the city of Shreveport, and as such a municipal officer thereof, on or about the 1st day of April, 1917, did then and there receive from Arthur Hadad the sum of $25, lawful money of the United States, as a bribe, present, or reward, for the purpose of influencing him, as such officer, to protect and shield him, the said Arthur Hadad, from prosecution for the violation of the prohibition laws of the state of Louisiana and Caddo parish, La., and otherwise exercise the power vested in him as such officer, to protect and shield him, the said Arthur Hadad, and then and there exercise the power vested in him as such officer, and to perform his duty of him required, with partiality and favor, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the same."

The defendant filed a demurrer to the bill of indictment, alleging that the statute on which it was founded, the Act No. 78 of 1890, was superseded by article 183 of the Constitution of 1898 (retained in the Constitution of 1913) and repealed by implication. At the same time he moved to quash the indictment

on several other grounds. The district judge, maintaining that the statute was repealed by article 183 of the Constitution of 1898, sustained the demurrer, without considering the motion to quash the indictment on other grounds. The state prosecutes this appeal.

### Opinion.

Act No. 78 of 1890, on which this prosecution is founded, was adopted pursuant to the provisions of the Constitution of 1879, art. 173, viz.:

"Any person who shall directly or indirectly offer or give any sum or sums of money, bribe, present, reward, promise, or any other thing, to any officer, state, parochial or municipal, or to any member or officer of the General Assembly, with the intent to induce or influence such officer or member of the General Assembly to appoint any person to office, to vote or exercise any power in him vested, or to perform any duty of him required, with partiality or favor, the person giving or offering to give, or the officer or member of the General Assembly so receiving, any money, bribe, present, reward, * * * contract, obligation or security, with the intent or for the purpose or consideration aforesaid, shall be guilty of bribery, and, on being found guilty thereof by any court of competent jurisdiction, or by either house of the General Assembly of which he may be a member or officer, shall be forever disqualified from holding any office, state, parochial or municipal, and shall be forever ineligible to a seat in the General Assembly; provided, that this shall not be so construed as to prevent the General Assembly from enacting additional penalties."

The Legislature, in the first section of Act No. 78 of 1890, copied, almost literally, the foregoing article of the Constitution of 1879, including the words, "shall be guilty of bribery," and added this penalty:

"And on conviction thereof, shall be imprisoned at hard labor for not less than one nor more than five years, and fined not less than fifty nor more than five thousand dollars."

The framers of the Constitution of 1898 omitted from the definition of bribery of a public official, as defined in article 183 of that Constitution, the element of partiality or favor, and declared it bribery, on the part of both the person giving or offering and the officer receiving, for any person to give or offer any sum of money, present, reward, or bribe to any public officer, with the intent of inducing or influencing him to perform any official duty required of him, without regard to whether the official duty was to be performed "with partiality or favor."

To make plain the comparison of the provisions of the Constitution of 1898 with those of the Constitution of 1879, denouncing the offense of bribery of a public official, we reproduce article 183 of the Constitution of 1898 (retained in the Constitution of 1913), putting in parentheses the words of article 173 of the Constitution of 1879 that were omitted from article 183 of the Constitution of 1898 and of 1913, viz.:

"Any person who shall, directly or indirectly, offer or give any sum, or sums of money, bribe, present, reward, promise, or any other thing to any officer, state, parochial or municipal, or to any member or officer of the General Assembly, with the intent to induce or influence such officer, or member of the General Assembly, to appoint any person to office, to vote or exercise any power in him vested, or to perform any duty of him required" (with partiality or favor), "the person giving or offering to give, and the officer, or member of the General Assembly so receiving, any money, bribe, present, reward, promise, contract, obligation, or security, with the intent" (or for the purpose or consideration) "aforesaid shall be guilty of bribery, and, on being found guilty thereof by any court of competent jurisdiction, or by either house of the General Assembly of which he may be a member or officer, shall be forever disqualified from holding any office, state, parochial or municipal, and shall be forever ineligible to a seat in the General Assembly; provided, that this shall not be so construed as to prevent the General Assembly from enacting additional penalties."

In his reasons for judgment, his honor, the judge of the district court, expresses the opinion that the omission of the phrase, "with partiality or favor" was an accident on the part of the framers of article 183 of the Constitution of 1898, in attempting to copy article 173 of the Constitution of 1879, and that the framers of the Constitution of 1913 also overlooked the omission. He ruled that the framers of the Constitution of 1898 had,

whether intentionally or by accident, adopted a definition, for the crime of bribery of a public officer, entirely different from the definition contained in Act No. 78 of 1890, and had thereby, or by necessary implication, repealed the statute on the subject.

We are unable to adopt the view or follow the reasoning of the district judge. In the first place, we doubt that the omission of the qualifying phrase, "with partiality or favor," from the definition of the species of bribery denounced by article 183 of the Constitution was an accident or inadvertence on the part of the framers of the Constitution of 1898 and of 1913. On the contrary, other changes made, particularly the omission of the words, "or for the purpose or consideration" in the phraseology of the new constitutional definition of the offense of bribery of a public officer, indicate that the language of article 183 of the Constitution of 1898 and of 1913 was used advisedly and carefully, and that the omission of the qualifying phrase, "with partiality or favor," was intentional. The intention, apparently, was to denounce as an offense, on the part of both the person giving and the officer receiving, the giving or offering of a bribe or reward to a public officer to induce him to perform an official duty. It is not our province to judge whether the framers of the Constitution were too severe, in denouncing, as an offense for which an offender should be disqualified for public office, the bribing, paying, or rewarding of a public officer beyond his official pay, as an inducement to him to perform his official duty, even without partiality or favor. It is sufficient to say that the framers of the Constitution of 1898 went further than their predecessors, the framers of the Constitution of 1879, or the Legislature, had gone, in denouncing what is commonly called "graft." But it does not follow that the Legislature was compelled either to go as far as the framers of the Constitution went or not act at all in that respect. The offense denounced by article 183 of the Constitution of 1898 and of 1913, punishable by forfeiture of the right to hold office, embraces—but is not necessarily as bad as—the crime denounced by Act No. 78 of 1890, carrying the additional penalty of fine or imprisonment at hard labor. The offense condemned by article 183 of the Constitution is the giving or taking of a bribe, or any other pay than that provided by law, for the doing of an official duty by a public officer— whether with or without partiality or favor. The crime denounced by Act No. 78 of 1890 is a high grade of the same offense; that is, the giving or taking of a bribe as an inducement to a public officer to perform an official act with partiality or favor. That is the crime of which the defendant in this case is accused. We find nothing in article 183 of the Constitution that says or implies that the Legislature should not make that a crime.

The judgment appealed from is annulled and reversed, and it is ordered that this case be remanded to the district court, to be proceeded with according to law.