THOMPSON, J.
The defendant, Wear Martin, was tried on an information filed by the district attorney, charging him with shooting with intent to kill and murder one Miss Arcadia Hester. He was convicted of shooting with intent to kill, was sentenced to hard labor for not less than 18 months and not more than 2 years, and prosecutes this appeal. He relies for reversal of his conviction and sentence on two bills of exception: (1) The overruling of a motion for a new trial; and (2) the refusal of the court to sustain a motion in arrest of judgment.
[1] 1. The motion for a new trial alleges that A. E. Humphries, a waiter in a restaurant, told the attorney for defendant, after the trial, that one H. W. Johnson told him that Wear Martin did not shoot Miss Hester; that there were two young men out behind the house, “fooling with a pistol,” and that when the lady stumbled over a trunk the two boys became excited and turned to run, when the gun “went off” and the bullet struck the lady. It is further alleged that J. E. Mc-Clanahan, sheriff, and J. J. Humble, deputy sheriff, would swear that, when notified of the shooting, they carried bloodhounds to the scene, and that the hounds trailed from the place where the shooting occurred a short distance to where a horse was shown to have been hitched, and “which horse was supposed to have been mounted by the party who did the shooting,” and that, though the dogs circled in all directions from where the horse had been hitched, they failed to take up any other trail. There is nothing in the bill of exceptions that would indicate the pertinency of the evidence or any bearing such testimony could have on the guilt or innocence of the defendant, Martin. There was no affidavit from Johnson, and no proof whatever offered to show that he could be had as a witness, or, if produced, that he would confirm what Humphries said that he had told him. The sheriff and his deputy were present when the motion for a new trial was tried,. and neither was sworn as a witness in support of the motion. The judge in his per curiam states that the sheriff had informed the defendant’s counsel, as also the father of the accused, who took an active interest in the trial of his son, before the trial of, the case, all about the circumstance of taking the bloodhounds to the place of the shooting and of the action of the dogs. The trial judge further states that no diligence whatever was shown before the trial of the case to obtain the testimony of the witness, made the basis of the motion for a new trial., Jurisprudence has firmly settled the rule that motions for new trials, on the grounds of newly discovered evidence rest within the sound discretion of the trial judge, and that discretion, even to the extent of the judge’s refusing to believe the affidavit of an alleged newly discovered witness, will not be interfered with on appeal, unless it clearly appears to have *783 been exercised in an arbitrary or unjust manner. State v. Williams, 38 La. Ann. 361; State v. Dunn, 41 La. Ann. 610, 6 South. 176. “The refusal of the trial judge to grant a new trial based upon a claim of discovery of new evidence, is in this case sustained for the reasons by him assigned” — that sufficient diligence was not shown before conviction in procuring attendance of the witnesses and that the new evidence would not change the result. State v. Sparks, 112 La. 418, 36 South. 479.
[2] The trial judge properly exercises the discretion vested in him in refusing a motion for a new trial based on newly discovered evidence where, as in this case, the motion rests solely on the affidavit of the accused, and there is no proof that the newly discovered witnesses could be produced, and, if produced, that they would swear to' the facts set forth in the motion.
[3] 2. The motion in arrest of judgment is based on the failure of the information to allege that the shooting was done with “malice aforethought.” Counsel incorrectly quotes the language of the information on page 3 of his brief. The charge in the information is laid in the following words:
“Did willfully, maliciously and feloniously shoot one Arcadia Hester with a dangerous weapon, to wit, a pistol, with the intent to kill and murder her, the said Arcadia Hester.”
The crime with which the accused was .charged, is purely statutory and in all such offenses it is sufficient for the indictment to follow the language of the statute. The information in this case meets that requirement, and it was not necessary under the statute to qualify the shooting nor the intent, with the words “malice aforethought,” where such shooting is charged to have been done, “wilfully, maliciously and feloniously.” Such an indictment was held legally sufficient in the case of State v. Hopkins, 115 La. 786, 40 South. 166.
It is therefore ordered and decreed that the conviction, sentence, 'and judgment against the defendant are affirmed.
Rehearing refused by Division A, composed of Chief Justice PROVOSTX and Justices OVERTON and LECHE.