[6] It is contended that Act 192 of 1912 is unconstitutional, in that it does not define the term "carnal knowledge."

The language of the law is:

"That, if any person over the age of 17 years shall have carnal knowledge of any unmarried female between the ages of 12 and 18 years, with her consent, he shall be deemed guilty of a felony," etc.

The context is plain enough and the legislative intent is clear. Carnal knowledge is not a technical term. In the common acceptation of the term, as in the dictionaries, carnal knowledge means sexual intercourse. The terms may be regarded as synonymous, within the intendment of the statute, and both have a fixed and definite meaning. We doubt whether the Legislature could have found, in polite language, plainer terms than the expression itself for a definition of carnal knowledge.

"From very early times, in the law, as in common speech, the meaning of the words 'carnal knowledge' of a woman by a man has been sexual bodily connection; and these words without more have been used in that sense by writers of the highest authority on criminal law when undertaking to give a full and precise definition of the crime of rape, the highest crime of this character. They are equivalent to sexual intercourse." Am. & Eng. Ency. vol. 5, p. 150; Com. v. Squires, 97 Mass. 61; Noble v. State, 22 Ohio St. 545; Burk v. State, 8 Tex. App. 342.

Where the words used to designate an offense has a fixed and definite meaning, it is not necessary for the statute to do more than to denounce the offense by name. City of Shreveport v. Kahn, 136 La. 371, 67 South. 35; State v. Hayes, 105 La. 352, 29 South. 937; State v. Thibodeaux, 136 La. 935, 67 South. 973; State v. Baker, 112 La. 801, 36 South. 703.

For the reasons stated, the verdict and sentence appealed from are affirmed.

=====

(97 South. 849)

No. 26073.

### STATE v. WHITE.

(Oct. 22, 1923.)

*(Syllabus by Editorial Staff.)*

Receiving stolen goods ⚙️7(4)—Indictment failing to charge that property was stolen from another person held fatally defective.

An indictment charging that defendant held in his possession rice stolen "from the box cars of the L. W. Railroad Company," but failing to charge in terms or by naming the owner that the rice was stolen from another person than defendant, was insufficient to charge the offense denounced by Rev. St. § 832, relative to receiving, having, or buying any goods stolen "from any other person," knowing the same to have been stolen.

Appeal from Eighteenth Judicial District Court, Parish of Acadia; Wm. Campbell, Judge.

Louis White was charged with possession of stolen property. From a judgment quashing the indictment, the State appeals. Affirmed.

A. V. Coco, Atty. Gen., Percy T. Ogden, Dist. Atty., of Crowley (T. S. Walmsley, of New Orleans, and A. J. Bordelon, of Marksville, of counsel), for the State.

C. B. De Bellevue, of Crowley, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

O'NIELL, C. J. The state has appealed from a judgment quashing an indictment. The accusation is that the defendant "did unlawfully, willfully, knowingly and maliciously buy and have in his possession one and one-half bags of rough rice, knowing the said one and one-half bags of rough rice to have been unlawfully and feloniously stolen, taken and carried away from the box cars of the Louisiana Western Railroad Company, contrary to the form of the statute," etc.

The crime intended to be charged is denounced by section 832 of the Revised Statutes, viz.:

"Whoever shall receive, have or buy any goods, chattels, money, or thing of value, that shall have been feloniously taken, stolen, embezzled or by false pretenses obtained from any other person, knowing the same to have been so taken, stolen, embezzled or by false pretenses obtained, shall suffer imprisonment," etc.

The defect found in this indictment was that it did not, either in terms or by naming another person, charge that the rice was stolen from another person, or, quoting the statute, "from any other person." The allegation that the rice was stolen from the box cars of the Louisiana Western Railroad Company did not necessarily mean that the rice was stolen from the railroad company. It was not necessary to name the person supposed to have stolen the rice, or the person from whom the defendant is supposed to have received the rice. State v. Moultrie, 34 La. Ann. 489; State v. Laque, 37 La. Ann. 853. In an indictment for larceny, the name or identity of the person from whom the property was stolen is only descriptive; but it is essential to the validity of the indictment to allege that the property stolen was that of another person than the party accused. State v. Hanks, 39 La. Ann. 234, 1 South. 458; State v. Harris, 42 La. Ann. 980, 8 South. 530; State v. Ware, 44 La. Ann. 956, 11 South. 579; State v. Williams, 45 La. Ann. 938, 12 South. 932; State v. Acebal, 110 La. 131, 34 South. 303.

It would be better if the district attorneys would always, in doubtful cases like this, accede to the judge's ruling, and immediately file a bill of information, instead of appealing from the ruling. It would have hastened matters very much in this case, and in the three other cases exactly like it, if the district attorney had, when the indictments were quashed, filed bills of information, saying, substantially in the language of the statute, that the rice was stolen "from another person."

The judgment is affirmed.