(117 So. 231)

No. 29230.

STATE v. NEWTON.

May 7, 1928.

[1] Ante, p. 293.

Isaac Wahlder, of Alexandria, for appellant.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Cleveland Dear, Dist. Atty., of Alexandria, for the State.

LAND, J. Defendant has appealed from a conviction and sentence for receiving and having stolen goods.

### Bills Nos. 1 and 4.

Bill No. 1 is reserved to the overruling of a motion to quash the indictment on the following grounds:

(1) That the indictment charges that the property had been previously stolen from the McAdams Co., Inc., and not from "any other person," as required by section 832 of the Revised Statutes of 1870.

(2) That the indictment charges two distinct offenses in the same count, viz. (1) receiving stolen goods; and (2) having stolen goods in defendant's possession.

(3) That the indictment is defective, in that it does not set forth who stole the property nor from whom defendant received same.

(4) That Act 72 of 1898, amending section 832 of the Revised Statutes of 1870, is unconstitutional, in that said act embraces two objects, viz. (1) receiving stolen goods, and (2) harboring thieves, and provides two distinct penalties, viz. imprisonment with or without hard labor, not exceeding two years, for receiving stolen goods, and (2) imprisonment not exceeding one year for harboring thieves.

(5) That the indictment charges no offense known to the laws of the state.

Bill No. 4 is reserved to the overruling of a motion in arrest of judgment, based upon the grounds contained in paragraph 4 of the motion to quash.

In State v. Pat Neal, No. 29083 of our docket, 116 So. 482,[1] decided March 12, 1928, a motion in arrest of judgment upon the same grounds relied upon in the instant case was overruled, and Act 72 of 1898, amending section 832 of the Revised Statutes, was held to be constitutional.

Receiving stolen goods is a statutory offense in this state. As the indictment is couched in the language of the statute, it is sufficient and sets forth a crime denounced by our laws. In an indictment for receiving stolen goods, drafted under Act 72 of 1898, it is not necessary to state either the name of the thief or that of the person from whom the stolen goods were received by the accused. The gravamen of the offense is the guilty knowledge of the receiver at the time that the goods had been previously stolen.

The person from whom the goods were stolen is stated in the indictment to be the McAdams Co., Inc., a corporation. The word "person" as used in the phrase, "whoever shall receive, have or buy any goods, chattels, money, or thing of value, that shall have been feloniously taken, stolen, embezzled or by false pretenses obtained from *any other person*," etc., includes bodies corporate as well as individuals. R. S. 1870, § 1066; Act 72 of 1898.

As a receiver of stolen goods may well have the same in his possession, it is not duplicity to so charge in one and the same count of the indictment. The offenses of receiving, having, or buying stolen goods are cognate offenses, and, if cumulated in one count, must be charged conjunctively. State v. Barnette, 138 La. 693, 696, 70 So. 614; State v. Sullivan, 125 La. 560, 51 So. 588.

### Bill No. 2.

This bill was reserved to the overruling of a motion for a continuance, after the district attorney had admitted that the absent

---

[1] 165 La. 989.

witnesses of defendant, if present, would testify to the facts set forth in the motion.

We find no error in the ruling of the trial judge. Act 84 of 1894; State v. O'Neal, 136 La. 558, 67 So. 365.

### ·Bill No. 3.

This bill was taken to the action of the judge a quo in permitting the district attorney to impeach the testimony which he had previously admitted that the absent defense witnesses would give, if they were present in court. The prosecuting officer had a clear right to introduce evidence to contradict or impeach such testimony, as he had not admitted the truth of the same. He did not withdraw his admission as to the testimony of the absent witnesses after all the evidence was in. State v. Washington, 136 La. 855, 67 So. 930.

The conviction and sentence are affirmed.

(117 So. 232)