Atty., and J. Bernard Cocke, Asst. Dist. Atty., both of New Orleans, for appellee.

O'NIELL, C. J.

The defendant has appealed from a conviction and sentence for carrying a concealed weapon. No bill of exception was taken to any of the proceedings; no assignment of errors has been filed; and we find no error in the proceedings. There is therefore no question of law presented for our consideration.

The conviction and sentence are affirmed.

(131 So. 464)

**STATE v. COLOMBO et al.**
**No. 30772.**

Nov. 3, 1930.

Rehearing Denied Dec. 1, 1930.

Daly & Hamlin, of New Orleans, for appellants.

Percy Saint, Atty. Gen., E. R. Schowalter, Asst. Atty. Gen., and Eugene Stanley, Dist. Atty. and J. Bernard Cocke, both of New Orleans, for the State.

## LAND, J.

The defendants, Joseph F. Helscher, Sam Centineo, and John Colombo, were jointly indicted in the criminal district court for the parish of Orleans for receiving a stolen Cadillac coupé, the property of Mrs. L. J. Wilson, knowing that the same had been previously stolen.

The three defendants were found guilty as charged, and each was sentenced to not less than fourteen months nor to more than two years in the state penitentiary. The defendants Colombo and Centineo applied for a new trial, which was overruled, and later appealed from the conviction and sentence to this court.

The case is before us on five bills of exceptions.

### Bill No. 1.

Walter Davis, a state witness, was asked on cross-examination the following questions:

"Q. You instructed Mr. Helscher to see if he could buy this car for less than fifteen hundred dollars? A. Yes, sir.

"Q. And that you would give him forty dollars if he did so? A. Yes, sir.

"Q. From then on he was acting as your agent?"

The state objected to this question. The objection was sustained by the trial judge for the reason that the question propounded by counsel for defense sought to elicit from the witness his opinion as to whether a legal status, that of agency, existed between himself and the defendant Helscher, and that this was a question solely for the jury.

Counsel for defendants was fully advised by the court at the time that he had the right to show by the state witness anything that transpired between the witness and the defendants; but whether the defendant Joseph Helscher was the agent of the witness was a question for the jury and not for the witness to determine.

The ruling of the trial judge, if erroneous, was not prejudicial to the substantial rights of the accused, as defendant was granted ample opportunity to cross-examine the witness as to all facts necessary to prove the agency of the witness. Code of Crim. Proc. art. 557.

### Bill No. 2.

Robert G. Comer, a state witness, was asked on direct examination the following question:

"Q. Now, Mr. Comer, I show you the name of Robert G. Comer written in pen and ink, which appears at the bottom of the notarial act dated September 7th, 1929, marked by the state for identification as state exhibit No. 2, and ask whether or not that is your signature?"

Counsel for defendants objected to the question on the ground that it was immaterial and irrelevant.

The objection was overruled, and properly so, by the trial judge, for the following reasons: "This act of sale represented that a man of the name of Roy Spencer had sold a Cadillac automobile to the defendant, John Colombo, for the sum of $2,500 cash. This automobile proved to be the property of a Mrs. L. J. Wilson and had been stolen from her on September 2nd, 1925. This automobile was alleged in the bill of information to be the property received and possessed by the three defendants knowing that same had been previously stolen. The state contended that this act of sale was a forgery and that the name of Robert G. Comer had been signed to same without his consent or knowledge by the defendant Helscher. In my opinion this line of examination was both relevant and mate-

rial for the purpose of showing guilty knowledge. Possessing or receiving with knowledge that the property was previously stolen being a necessary ingredient to the charge for which defendants were on trial, this testimony was properly admitted for that purpose."

■ It is well settled that: "It is essential to a conviction for receiving stolen property that the receiver shall have knowledge that the property was stolen at the time of its reception, or of such circumstances as would put a man of ordinary intelligence and caution on inquiry." Minor v. State, 55 Fla. 90, 45 So. 818, 819; Franklin v. State, 66 Fla. 418, 63 So. 418.

## Bill No. 3.

■ J. Bernard Cocke, assistant district attorney, as a witness for the state, testified that the police officers brought to him and gave to him, at the time these two defendants were brought into his office for the purpose of examination, an alleged certified copy of a bill of sale, purporting to have been passed May 15, 1929, of a Cadillac coupé, by one Roy Spencer to one John Colombo, before Joseph Frederick Helscher, defendant and notary; that, after the document had been presented to witness, he called in the defendant Colombo and interrogated him as to what his business was; that defendant stated that he was a fruit peddler; and that, when asked if it was true that he had paid $2,500 cash to Roy Spencer for the purchase of the automobile, the defendant Colombo replied that he had.

Counsel for defendant objected to this testimony on the ground that the document was the best evidence as to the price.

The statement of the witness that the defendant Colombo had said to him that he had paid $2,500 cash to Roy Spencer for the automobile was admitted only as to Colombo, and the objection of counsel for defense was overruled by the trial judge for the following reasons:

"In my opinion this evidence was admissible as it affected the defendant John Colombo. I restricted it to him. The objection was made on the ground that the act of sale was the best evidence as to the price paid by Colombo to Roy Spencer when he purchased the stolen automobile. The evidence showed that this bill of sale was a forgery, and that no money actually passed before defendant, Helscher, as Notary Public. This testimony was offered to show guilty knowledge by the defendant, Colombo. After having proved the statement made by the defendant Colombo that he had paid the amount named in the bill of sale, the State later showed no such amount was paid."

It is elementary that:

"Evidence of collateral offenses often becomes relevant where it is necessary to prove scienter, or guilty knowledge, even though the reception of such evidence might establish a different and independent offense.

■ "In prosecutions for receiving stolen goods, guilty knowledge is the gist or substance of the offense to be established by the prosecution; and evidence of collateral offenses is admissible to establish such knowledge." Wharton's Crim. Ev., vol. 1 (10th Ed.) p. 135, par. 35; State v. Cole, 161 La. 827, 109 So. 505; State v. Jackson, 163 La. 34, 111 So. 486; Piano v. State, 161 Ala. 88, 49 So. 803; Leverett v. State, 18 Ala. App. 578, 93 So. 347; Glover v. State, 21 Ala. App. 423, 109 So. 125.

The ruling made by the trial judge is correct.

### Bill No. 4.

■ The state offered the alleged certified copy of sale of the automobile, of date May 15, 1929, and the alleged original bill of sale, of date September 7, 1929, both of which were shams and forgeries, for the purpose of showing guilty knowledge.

Counsel for defendant objected, on the ground that the certified copy offered was not a certified copy of the original, and on the further ground that the offer is immaterial and irrelevant.

Both of these objections were overruled by the trial judge for the following reasons:

"This offer was made after proper identification for the purpose of showing guilty knowledge. The alleged certified copy of the Bill of Sale for the said automobile was dated May 15th, 1929, four months previous to the date upon which the said automobile was stolen. The alleged original bill of sale was dated September 7th, 1929, five days after the automobile was stolen. It was contended by the State that the defendants through Helscher, the Notary Public, purposely dated the certified copy May 15th, 1929, and that the said certified copy was issued under the notarial seal and signature of Helscher without there having been in existence any original for same at the time said alleged certified copy was issued. The State further contended that the defendant Helscher and his co-defendants caused this alleged certified copy to be issued in the early part of October, 1929, when an attempt was made by the three defendants to sell the automobile to the witness Walter Davis. The State further contended that the alleged original bill of sale dated September 7th, 1929, was issued by the defendant Helscher after he (Helscher) had knowledge that the police were investigating this stolen automobile, then in the possession of

Walter Davis. The State also contended that both the certified copy and the original bill of sale were forgeries and were used to cover up the illegal possession of the automobile by the three defendants. This offer was properly admitted for the purpose of showing guilty knowledge by the three defendants."

We find no error in this ruling.

### Bill No. 5.

This bill was reserved to the overruling of a motion for new trial, based upon the alleged errors assigned in the bills already disposed of and upon the ground that the verdict is contrary to the law and the evidence.

The trial judge, in overruling the motion for new trial, states that, in his opinion, all three defendants were proved guilty to his satisfaction and beyond a reasonable doubt.

There is no error in the rulings complained of by defendants.

It is therefore ordered that the verdict and sentence appealed from by each of the defendants Sam Centineo and John Colombo be affirmed.