174 So. 873

STATE v. GOLDSTEIN.

No. 34291.

April 26, 1937.

Rehearing Denied May 24, 1937.

George J. Ginsberg and John R. Hunter, both of Alexandria, for appellant.

Gaston L. Porterie, Atty. Gen., James O'Connor, Asst. Atty. Gen., A. V. Hundley, Dist. Atty., and Ben F. Thompson, Asst. Dist. Atty., both of Alexandria, for the State.

ROGERS, Justice.

Defendant appeals from a conviction of, and sentence for, receiving stolen goods,

and in support of his appeal presents four bills of exception and an assignment of errors.

Bill No. 1. In the course of his opening statement to the jury the district attorney remarked: "I expect to prove that on a number of other occasions this taxicab driver had carried· this same darkey out to Goldstein's with stolen property and on each occasion Goldstein paid the taxicab driver." Counsel for the defendant objected to the statement, on the ground that it was irrelevant and immaterial. In overruling the objection the trial judge instructed the jury, as appears from his per curiam, that under the law the district attorney is required to outline to the jury before beginning with the taking of testimony what the State expects to prove, but that such testimony must necessarily be material to the issues in the case, otherwise, when offered and objected to, the court will then pass upon it and refuse to admit it. The trial judge also instructed the jury that its duty would be to consider only such evidence as the court should rule was admissible and which was actually admitted when offered.

The statement of the district attorney was made to serve as a predicate for the introduction by the State of testimony showing certain acts or conduct on the part of the defendant as would tend to establish his guilty knowledge, the essential element in the offense with which he was charged. Evidence of that character was clearly admissible. Code Crim.Proc. art. 446; State v. Colombo, 171 La. 475, 131 So. 464. It was within the province of

the district attorney to state the facts he expected to prove on the trial of the case. So far as the record discloses, no objection was made by defendant to any testimony offered on behalf of the State. And there is nothing in the record to show that the statement was prejudicial to the defendant, or that it was not properly a part of the opening statement required by article 333 of the Code of Criminal Procedure. State v. Bryan, 175 La. 422, 143 So. 362. Hence we find no merit in defendant's complaint.

▆▆▆ Bill No. 2. The stolen property defendant was charged with having in his possession was 1,536 pounds of brass. After the State had rested, defendant's wife was placed on the stand for the purpose of proving that defendant kept a record of all purchases of brass made by him, and for the further purpose of identifying the books allegedly showing such purchases. The district attorney objected to the introduction of the books in evidence, on the ground that the witness did not keep the books nor make the entries therein, and on the further ground that a person's books are inadmissible on his behalf and are in the nature of a self-serving declaration. The trial judge was of the opinion that the witness was not qualified sufficiently to identify the books, she not having kept them, and not knowing their contents; also that the books were inadmissible in that they belonged to the defendant and had been kept by him and were similar to those of a merchant's books, which are not admissible in his own behalf. Hence he sustained the objection. We do not find that he erred in so doing.

Defendant contends that the books in question were not in the category of merchants' account books, because they were books that he was required by law to keep as a second-hand dealer. Act No. 309 of 1926, § 4, and Act No. 99 of 1928, § 16, as amended by Act No. 9 of 1934, 1st Ex. Sess. However, we do not find it necessary to pass on the contention.

The testimony of Mrs. Goldstein was that she did not keep the books nor make the entries therein; that the books were kept by a Miss Winifred Kelly, who, because of an operation from which she was suffering, could not be had at the time. Defendant contends that this showing was sufficient to admit the books in evidence. In support of his contention, he cites Wharton's Crim.Ev. (2 Ed.) vol. 2, p. 1396, as follows, viz.: "If the entries were made by a clerk or bookkeeper who has since become unavailable as a witness by reason of death, insanity, absence or other causes, the books are admissible on proving the accounts to be in the handwriting of such clerk or bookkeeper and also proving the cause of his unavailability." But as against this, counsel for the state cites from the same edition, volume and page of the same eminent authority as follows, viz.: "The doctrine is supported by many cases, that book entries not made by one who has personal knowledge of the transaction, but based upon memoranda or data furnished by others, are not admissible in evidence, without verification by the one furnishing the data and having personal knowledge of the transactions on which it is based, since otherwise the entries, even

though made in the regular course of business, and as a part of the duties of the entrant, are not the best evidence, but are in the nature of hearsay."

The testimony of Mrs. Goldstein offered to show that Miss Kelly was unavailable is vague and inconclusive. It does not disclose the nature of Miss Kelly's operation, nor does it affirmatively show that Miss Kelly was unable to appear in court or that her testimony, if othewise admissible, could not be taken at her home or at the hospital, wherever she was confined at the time.

Furthermore, the testimony of Mrs. Goldstein does not show that she had any knowledge of the books or of their contents. It does not show that she had any knowledge of the purchase of the brass. Her testimony does not show that the entries in the books were made by Miss Kelly contemporaneously with and from her personal knowledge of the transactions to which they relate, and that they were not based on memoranda or data furnished by some other person. In the absence of such showing, the book entries, even though they may have been made in the regular course of defendant's business, and as a part of the duties of Miss Kelly, were not the best evidence. They were in the nature of hearsay, and, as such, inadmissible. Hence we think the trial judge ruled correctly in refusing to admit the books in evidence.

Bill No. 3. This bill was reserved to the following statement made by the district attorney in his closing argument, viz.: "That he presumed the reason for placing Mrs. Goldstein on the stand was for the purpose of arousing pity and sympathy and that he felt sorry for Mrs. Goldstein in her trouble."

Defendant contends that this statement was presumably made for the purpose of commenting on the failure of the defendant to take the witness stand and for the further purpose of expressing the opinion of the district attorney that the defendant was guilty.

The per curiam attached to the bill reads as follows, viz.: "The district attorney, in his argument, made no reference whatever to the failure of Mr. Goldstein to take the witness stand. Counsel for the accused, in his argument, had made an appeal for sympathy, and the remarks of the district attorney were in reply to counsel's previous remarks. However, the court did instruct the jury to disregard these remarks of the district attorney. The court, in its charge to the jury, charged that under the law the accused had the right to take the witness stand in his own behalf or not to do so, just as he sees fit; and, that if he does do so, his testimony is to be considered as that of any other witness in the case, and that if he does not do so, that fact should not be construed against him."

We find nothing in the bill or in the argument thereon that shows any prejudice to the defendant. Hence we think that defendant's complaint is unfounded.

Bill No. 4. This bill was reserved to the overruling of defendant's motion for a new trial, wherein the alleged errors set forth in the bills which we have disposed of are reiterated. As we have ruled

on the bills, further discussion is unnecessary.

After the record was filed in this court, defendant filed an assignment of errors, attacking the bill of information on the grounds that it fails to charge any offense; that it fails to charge the crime of receiving stolen goods; and that it fails to charge in terms, or by naming the owner, that the stolen property was that of another person and not that of the person accused.

The crime charged is denounced by section 832 of the Revised Statutes, as amended by Act No. 72 of 1898, reading as follows: "Whoever shall receive, have or buy any goods, chattels, money, or thing of value, that shall have been feloniously taken, stolen, embezzled, or by false pretences obtained from any other person, knowing the same to have been so taken, stolen, embezzled, or by false pretences obtained, shall suffer imprisonment," etc.

The bill of information on which defendant is being prosecuted reads as follows: "Did wilfully, maliciously and feloniously receive and have in his possession fifteen hundred and thirty-six pounds of brass of the value of two hundred, ten and 16/100 ($210.16) Dollars, which said property had been stolen from J. O. Gueringer, well knowing at the time of receiving and having said property, that the said property had been feloniously stolen," etc.

Defendant argues that the information is defective in that it does not, either in terms or by naming another person, charge that the brass was stolen from any other person. And defendant cites, in support

of the argument, State v. White, 154 La. 528, 97 So. 849.

Defendant's argument is untenable. The offense with which he is charged is a statutory offense, and the bill of information is couched in the language of the statute, which is sufficient to set forth a crime denounced by our laws. "In an indictment for receiving stolen goods, drafted under Act No. 72 of 1898, it is not necessary to state either the name of the thief or that of the person from whom the stolen goods were received by the accused. The gravamen of the offense is the guilty knowledge of the receiver at the time that the goods had been previously stolen." State v. Newton, 166 La. 297, 117 So. 231, 232.

In the White Case, the indictment alleged that the rice was stolen from the box cars of the Louisiana Western Railroad Company, which this court held was not sufficient to show that the rice was stolen from any other person than the accused, since the allegation did not necessarily mean that the rice was stolen from the railroad company. There is no analogy between that case and the instant case In this case the information charges that the brass was stolen from a particular person, and his name is set forth. Therefore, the information does allege that the property was stolen from a person other than the accused. We think the allegation complies with the statutory requirement.

For the reasons assigned, the conviction and sentence appealed from are affirmed.

O'NIELL, C. J., dissents from the ruling on bill No. 2.