196 So. 54

STATE v. DARK et al.

Nos. 35663, 35664, 35666.

April 1, 1940.

Rehearing Denied April 29, 1940.

Lessley P. Gardiner, Atty. Gen., Edward M. Heath, Asst. Atty. Gen., Frank W. Hawthorne, Dist. Atty., and Geo. W. Lester, Asst. Dist. Atty., both of Monroe, and James O'Connor, Second Asst. Atty. Gen., for the State.

Thompson & Thompson, of Monroe, for defendants-appellees.

HIGGINS, Justice.

The accused, L. J. Melton and W. D. Dark, are charged in three indictments returned by the Ouachita Parish Grand Jury with accepting three distinct bribes of $2,250, $750 and $200, respectively, in violation of the provisions of Section 1 of Act 78 of 1890. The pertinent part of one of the indictments, which is common to all of the issues raised in the three cases, reads as follows: "* * * did then and there wilfully and feloniously, being then and there State Officers, and as such State Officers, did then and there feloniously receive from one George D. Pipes, a sum of money, to-wit: Seven Hundred Fifty and no/100 Dollars ($750.00), lawful money of the United States of America, as a bribe, present or reward for the purpose of inducing and influencing them, the said W. D. Dark and L. J. Melton, as such State Officers, to exercise a power in them vested and to perform a duty of them required with partiality and favor, in the issuance of an order or permit to acidize four (4) gas wells, designated as Peek Numbers One (1), Two (2), Three (3) and Four (4)."

The defendants filed demurrers and moved to quash the indictments on the grounds that they do not charge any offense under the laws of this State and do not inform the accused of the offense or charge they are called upon to answer. The accused also demurred to and moved to quash the indictments on the grounds (1) that the provisions of Act 78 of 1890, under which they are charged, are no longer in force but have been repealed and superseded by Section 12 of Article 19 of the Constitution of Louisiana of 1921, which specifically defines the crime of bribery and prohibits the Legislature from changing, amending or modifying the law of bribery, limiting its power solely and only to making additional penalties; (2) that the indictments do not allege what State offices defendants held at the time the offenses are said to have been committed nor any facts upon which could be based the allegations that the defendants were State officers; (3) that the general characterization of the defendants as State officers was the statement of a legal opinion or conclusion; (4) that the

declaration in the indictments that the defendants received a sum of money for the purpose of influencing them as State officers "to exercise a power in them vested and to perform a duty of them required with partiality and favor, in the issuance of an order or permit to acidize four (4) gas wells, * * *" without alleging what power was vested in them which they were called upon to exercise, how such power was exercised, what duty or duties they were required to perform, in what manner they exercised such vested power and required duty with partiality and favor, and without alleging the authority, statutory or otherwise, by which such power was conferred and duty required, and what constitutes the acidizing of a gas well, is a mere conclusion of law and charges no crime known to the laws of Louisiana.

The defendants further moved to quash on the additional ground that, if the indictments were not faulty in the respects particularized, they were without legal effect, because no law in Louisiana confers upon any State officer the power to issue or withhold from issuance a permit for the acidizing of a gas well, and since there is no law requiring State officers to perform any duty in connection with the issuance of a permit for the acidizing of a gas well, the indictments charged no penal offense.

The demurrers and motions to quash were sustained and the State appealed.

The defendants' contention that Act 78 of 1890 has been repealed and superseded by Section 12 of Article 19 of the Constitution of 1921 is without merit.

In the case of State v. McGraw, 142 La. 417, 76 So. 822, this Court held that the provisions of the above statute were not repealed and superseded by Article 183 of the Constitution of 1898, which was retained in the Constitution of 1913.

Article 19, Sec. 12 of the Constitution of 1921, in no way changes the definition of bribery and contains no prohibition not contained in Article 183 of the Constitutions of 1898 and 1913, and is almost a literal copy of Article 183 and therefore has the same meaning.

Section 1 of Act 78 of 1890, under which the defendants were charged, reads as follows: "Section 1. Be it enacted by the General Assembly of the State of Louisiana, That any person who shall directly or indirectly offer or give any sum or sums of money, bribe, present, reward, promise or any other thing to any officer, State, parochial or municipal, or to any member or officer of the General Assembly with intent to induce or influence such officer, or member of the General Assembly to appoint any person to office, to vote or exercise any power in him vested, or to perform any duty of him required with partiality or favor, the person giving or offering to give, directly or indirectly, and the officer or member of the General Assembly so receiving or agreeing to receive any money, bribe, present, reward, promise, contract, obligation or security, with the intent or for the purpose or consideration aforesaid, shall be guilty of bribery, and on conviction thereof shall be imprisoned at hard labor for not less than one nor more than five years, and fined not less

than fifty nor more than five thousand dollars."

Article 252 of the Code of Criminal Procedure reads: "No indictment shall be quashed, set aside or dismissed for any one or more of the following defects: (First) That there is a misjoinder of the parties accused; (Second) That there is a misjoinder of the offenses charged in the indictment, or duplicity therein; (Third) *That any uncertainty exists therein.* If the court be of the opinion that the first and second defects or either of them exist in any indictment, it may sever such indictment into separate indictments, or into separate counts as shall be proper. *If the court be of the opinion that the third defect exists in any indictment, it may order that the indictment be amended to cure such defect."* (Italics ours.)

The pertinent part of Article 253 provides: *"No indictment shall be quashed, set aside or dismissed or motion to quash be sustained* or any motion for delay of sentence for the purpose of review be granted, nor shall any conviction be set aside or reversed *on account of any defect in form or substance of the indictment,* unless the objection to such indictment, specifically stating the defect claimed, be made prior to the commencement of the trial or at such time thereafter as the court in its discretion permit. *The court may at any time before, during or after the trial amend the indictment in respect to any defect, imperfection or omission in form or substance or of any variance with the evidence.* If any amendment be made to the substance of the indictment or to cure a variance between the indictment and the proof, the accused shall on his motion be entitled to a discharge of the jury, if a jury has been impaneled and to a reasonable continuance of the cause unless it shall clearly appear from the whole proceedings that he has not been misled or prejudiced by the defect or *variance in respect to which the amendment* is made or that his rights will be fully protected by proceeding with the trial or by a postponement thereof to a later day with the same or another jury. * * *" (Italics ours.)

Articles 235 and 288 provide that the judge may grant the accused a bill of particulars upon his request.

In the instant case, the defendants complain that the indictments are vague and indefinite because they do not give the name or title of the office they are said to have held at the time of the commission of the crime; that the source of the vested power and duties which they, as State officers, are alleged to have, are not set forth in the indictments; and that the indictments fail to state the manner in which they are to issue or withhold permits for the acidizing of gas wells and what constitutes the acidizing of gas wells.

The indictments follow the language of the statute under which the accused are charged and, therefore, they do set forth charges of criminal offenses against the defendants. State v. Newton, 166 La. 297, 117 So. 231; State v. Martin, 151 La. 780, 92 So. 334; Article 227 of the Code of Criminal Procedure; State v. Brinkley et al., 180 La. 679, 157 So.

388; State v. McCrystol, 43 La.Ann. 907, 9 So. 922, and State v. Desforges et al., 48 La.Ann. 73, 18 So. 912.

The complaints against the indictments are their uncertainty and their generality. A bill of particulars would eliminate these complaints because the district attorney would then be required to more specifically state the facts and the nature of the offenses charged.

While the indictments are general, having followed the language of the statute, they set forth the criminal offenses charged and, therefore, it is our opinion that the defendants' rights can be adequately protected through a bill of particulars.

For the reasons assigned, the judgments appealed from are annulled and set aside, and it is now ordered, adjudged and decreed that the demurrers and motions to quash are overruled and the case remanded to the district court for further proceedings consistent with the views herein expressed.