36 So.2d 20

**STATE v. SAVAGE et al.**

No. 38802.

June 1, 1948.

John R. Hunter & Son, of Alexandria, for appellants.

Fred S. LeBlanc, Atty. Gen., M. E. Culligan, Asst. Atty. Gen., and Ben F. Thompson, Dist. Atty., and Walter M. Hunter, Asst. Dist. Atty., both of Alexandria, for appellee.

FOURNET, Justice.

The defendants, Otis and Elvin Savage, are appealing from their conviction and sentence on a charge in a bill of information with the theft of a cow, relying for the reversal thereof on four bills of exceptions, Nos. 1, 2, 3, and 4, the remaining bills reserved during the course of the trial having been formally abandoned.

It appears that the subject cow had been missing and was located by the owner, Hiram Holden, in the pens of a packing company in Missouri with the assistance

of the J. M. McLemore Livestock Commission Market of Alexandria, Louisiana, through which agency the cow had been sold at auction. In order to establish the theft of the cow by the defendants, the state sought to prove that the tag bearing No. 515 which was removed from the ear ·of the cow by the deputy sheriff accompanying the owner to Missouri and remained in his possession until the time of the trial had been placed there by one of the employees of the McLemore agency when the cow was delivered to it by the defendants. It was while the state was attempting to establish this fact that the four bills of exceptions now being relied on were reserved.

The first bill was reserved when the trial judge permitted the introduction of tag No. 515 (State's Exhibit No. 1) in connection with the testimony of the deputy sheriff removing it from the cow's ear. The next three bills were reserved when the trial judge permitted, in connection with the testimony of O. G. Beauregard, an employee of the McLemore market, the introduction from the files of this agency of (1) a receipt (State's Exhibit No. 2) signed by L. West and purporting to show the receipt of the cow from O. L. Savage; (2) an unsigned receipt (State's Exhibit No. 3) purporting to show the receipt by the market of the cow identified as No. 515 from O. L. Savage of Longleaf, Louisiana, and (3) a cancelled check (State's Exhibit No. 5) of the commission market in favor

of O. L. Savage in the amount of $55.58. (This last exhibit seems to be confused in the record with State's Exhibit No. 4, which is a sales sheet prepared by Mrs. Harriet Gremillion and was introduced in connection ·with her testimony. This exhibit forms the basis for Bill of Exception No. 5, which is one of the bills that has been abandoned.)

The relevancy of the facts sought to be established from these exhibits is not questioned by counsel for defendants. Instead, it is counsel's contention that tag No. 515 was not sufficiently identified as having been placed on the cow's ear by an employee of the McLemore market since the state only made an effort to prove that it was similar in appearance to those placed on the ears of all of the cattle sold on that occasion without producing L. West, the employee who received and tagged the animal and issued the receipt therefor, as a witness or giving any explanation for the failure to produce him.

Counsel argue that the signed receipt taken from the files of the commission market is likewise not competent evidence since it was only identified by Beauregard, a fellow-employee of West, who not only did not sign the receipt but knew nothing about the transaction or the receipt other than that it was taken by him from the files and was signed by West, whose signature he verified. The same objection was levelled at the other receipt sought to be introduced, and, in addition, the fact

that it was unsigned. While the witness Beauregard did sign the check introduced by the state, he testified he did not know the payee, O. L. Savage, did not know that the check had ever been delivered to Savage, and could not verify that the endorsement on the reverse of the check was in the handwriting of Savage. .

 Under the express provisions of the Code of Criminal Procedure, except as otherwise therein provided, "hearsay evidence is inadmissible" (Article 434), and the best evidence "which is within a party's control, must be produced." Article 436. This is in accordance with the generally accepted rule that "book entries not made by one who has personal knowledge of the transactions, but based upon memoranda or data furnished by others, are not admissible in evidence, without verification by the one furnishing the data and having personal knowledge of the transactions on which it is based, since otherwise the entries, even though made in the regular course of business, and as a part of the duties of the entrant, are not the best evidence, but are in the nature of hearsay." 2 Wharton's Criminal Evidence, 11th Edition, 1396, § 809. See, also, 23 C.J.S., Criminal Law, § 851, page 43; State v. Maddox, 140 La. 718, 73 So. 783; State v. Martin, 145 La. 35, 81 So. 747; State v. James, 165 La. 822, 116 So. 199; State v. Goldstein, 187 La. 353, 174 So. 873.

Very pertinent here is the observation in the Maddox case that [140 La. 718, 73 So. 784] "A mere writing in a book, or on a piece of paper, does not prove itself, unless the law so declares, and, in the absence of such law, the verity of the writing must be established by competent evidence or the book, or paper, is itself incompetent."

We therefore conclude that the position taken by the defendants in this case is correct and that the trial judge committed a reversible error in admitting these exhibits in evidence to their prejudice.

For the reasons assigned, the convictions and sentences of the defendants are annulled and the case is ordered remanded to the lower court for a new trial, in accordance with law.

O'NIELL, C. J., absent.